**Michelle D. SIMIEN, Appellant,**

v.

**UNIFUND CCR PARTNERS, Appellee.**

**No. 01–08–00593–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 2010.

Richard Tomlinson, Law Office of Richard Tomlinson, Houston, TX, for Appellant.

Andrew E. Lemanski, Brian E. Staley, James Nace Hull, Hull & Associates, P.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION ON REHEARING

ELSA ALCALA, Justice.

Appellant, Michelle D. Simien, has filed a motion for en banc reconsideration of our opinion issued on April 15, 2010. We withdraw our opinion and judgment of April 15, 2010, and substitute this opinion and judgment in their place. Because we issue a new opinion, Simien's motion for en banc reconsideration of our prior opinion is moot. *See Richardson–Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 472 (Tex.App.-Houston [1st Dist.] 2006, pet. denied).

In this lawsuit to collect credit card debt, Simien appeals a judgment following a bench trial in favor of Unifund CCR Partners (hereafter "Unifund"). In five issues, Simien challenges the legal and factual sufficiency of the evidence and contends the trial court erred by admitting hearsay documents, excluding deposition evidence, awarding attorney's fees, and awarding prejudgment interest. We conclude the trial court properly admitted evidence, the evidence is legally sufficient to support the award of damages, and the trial court properly awarded attorney's

fees and prejudgment interest. We therefore affirm.

## Background

Simien opened a credit card account with Citibank. The credit card allowed Simien to make charges and receive cash advances, which she was obligated to repay under the terms of her agreement with Citibank. Simien received monthly statements showing her account expenditures, payments, and monthly balances. Simien made no attempts to dispute any information in the monthly statements or the amount showing on the account. Simien failed to pay the amount showing as of December 18, 2002, which was $10,540.51. Unifund purchased the debt on Simien's credit card account from Citibank on November 29, 2005.

On September 12, 2007, Unifund filed suit against Simien based on Simien's failure to pay the balance on the account. Unifund sought $34,600.08 in unpaid principal and interest. In her answers to requests for admission, Simien admitted that she breached the credit card agreement, but she did not admit the damages or the interest rate alleged by Unifund were accurate.

Over Simien's objection at trial, the trial court admitted a business record affidavit offered by Unifund that was signed by one of its employees, Joseph Lutz. Unifund attached documents to the affidavit, including a Unifund statement; an Assignment to Unifund from Citibank; three Citibank monthly statements; and a Citibank Card Agreement. Unifund also attached an affidavit from Kim Kenney. Neither affidavit included any reference to an explicit interest rate that would show how Simien's principal debt of $10,540.29 grew to $34,600.08 by July 23, 2007. Unifund's attorney also presented live testimony in support of the reasonableness and necessity of the attorney's fees sought. Unifund offered no other evidence.

In support of her objection to the Lutz affidavit, Simien offered portions of a deposition given by Lutz at a previous trial concerning an attempt to collect a different debt from a different debtor. The trial court excluded the deposition, ruling Lutz's testimony in the prior case was irrelevant and inadmissible. Simien did not personally appear at the trial. Simien's attorney did not introduce any evidence at the trial.

The trial court's judgment awards Unifund $34,600.08 in damages and $6,000 in attorney's fees. Following the trial, the court made findings of fact and conclusions of law.

## Admission of Evidence

In her first two issues, Simien asserts that the trial court erred by (1) admitting hearsay documents and (2) excluding a deposition.

### A. Standard of Review

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex.2007). We review a trial court's decision to admit or exclude evidence for an abuse of that discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex.2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 317 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).

## B. Admission of Business Records Affidavit

Simien contends the affidavit by which Unifund sought to authenticate its business records under the hearsay exception is inadequate, and the trial court, therefore, erred by admitting hearsay. In her motion for rehearing, Simien contends the business records do not meet the test for admissibility of third-party documents stated by this Court in *Bell v. State,* 176 S.W.3d 90 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

### 1. The Rules of Evidence

■ " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R. EVID. 801(d). The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 908 n. 5 (Tex.2004).

Rule 803(6) of the Texas Rules of Evidence provides the following exception to the hearsay rule for business records:

> A ... record ... made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX.R. EVID. 803(6); *see In re E.A.K.,* 192 S.W.3d 133, 141 (Tex.App.-Houston [14th Dist.] 2006, pet. denied).

The predicate for admission of the business records may be established "by affidavit that complies with Rule 902(10)." TEX.R. EVID. 803(6). Rule 902(10) provides that records "shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7)." TEX.R. EVID. 902(10)(a).

Rule 902(10) provides a form for the affidavit and states the affidavit "shall be sufficient if it follows this form though this form shall not be exclusive, and an affidavit which substantially complies with the provisions of this rule shall suffice...." TEX.R. EVID. 902(10)(b). The form specified by the rule is as follows:

> My name is _____, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:
>
> I am the custodian of the records of _____. Attached hereto are _____ pages of records from _____. These said _____ pages of records are kept by _____ in the regular course of business, and it was the regular course of business of _____ for an employee or representative of _____, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

*Id.*

### 2. Admissibility of Third–Party Documents

■ A document authored or created by a third party may be admissible as business records of a different business if: (a) the document is incorporated and kept in

the course of the testifying witness's business; (b) that business typically relies upon the accuracy of the contents of the document; and (c) the circumstances otherwise indicate the trustworthiness of the document. *Bell,* 176 S.W.3d at 92 (citing TEX.R. EVID. 803(6); *Harris v. State,* 846 S.W.2d 960, 963–64 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd)). Both *Bell* and *Harris* rely on federal authority interpreting Federal Rule of Evidence 803(6). *See Guevara v. Ferrer,* 247 S.W.3d 662, 667 n. 3 (Tex.2007) (stating that considering federal precedent concerning rules of evidence is appropriate); *see also, e.g., Air Land Forwarders, Inc. v. U.S.,* 172 F.3d 1338, 1343 (Fed.Cir.1999) (applying same test as articulated in *Bell,* 176 S.W.3d at 93).

In determining whether the trial court properly admitted the Lutz affidavit, we apply the three factors in *Bell. See Bell,* 176 S.W.3d at 92. The Lutz affidavit states,

> The affiant is the designated agent of Unifund CCR partners (Plaintiff) in the above entitled and numbered cause, and that in such capacity is authorized to make this affidavit on Plaintiff's behalf. That the affiant has reviewed the file in this matter and upon review of the file has personal knowledge of the facts set forth in this affidavit and is not disqualified from making this affidavit or giving testimony herein.
>
> That affiant is a designated agent and has personal knowledge of the books and records of the Plaintiff concerning this claim against Defendant, MICHELLE D. SIMIEN.
>
> The attached documents are kept by Plaintiff in the regular course of its business as permanent records of the company and it was the regular course of business for an employee with personal knowledge of the act, event, or condition recorded to make the memorandum or record, or to transmit the information thereof to be completed in such attached memorandum or record; and memorandum or record was made at or near the time of the act, event, or condition recorded or indicated in said record, or reasonably soon thereafter.
>
> The Defendant entered into an agreement allowing Defendant to receive cash advances and/or purchase goods and services at different places which honored the credit cards as issued.
>
> That the attached account [identified by number] is the original, true and correct account or an exact duplicate thereof of Defendant, MICHELLE D. SIMIEN, which has been maintained in files under my supervision and control.
>
> In accordance with the agreement, Defendant promised to pay for the account [identified by number]. The Defendant has failed and continues to fail to make payments due on the account. There is presently due, owing and unpaid by the Defendant, MICHELLE D. SIMIEN, the sum of $34,600.08, as of July 23, 2007. Within the affiant's personal knowledge, this amount is just and true, due and owing, and all just and lawful offsets, payments and credits have been allowed.

### a. Incorporated and Kept in the Course of Business

■ The first factor required by *Bell* is that the document be incorporated by the testifying witness's business. 176 S.W.3d at 92. Simien contends that Unifund did not present any evidence to support a conclusion that Unifund adopted the records of Citibank. In *Bell,* the witness testified that the third-party documents were kept in the regular course of the witness's business. *Id.* at 93. The court in *Bell* also heard evidence from the sponsoring wit-

ness, who stated that the letters were received from the first business at or near the time of the trailer's disappearance, the letters were received in response to the second business's communications to the first business concerning the second business, and the second business relied on the letters to show that its liability for the missing tractor had been settled. *Id.* Like *Bell,* Lutz states the documents received from Citibank were "kept by [Unifund] in the regular course of its business as permanent records of the company." Also similar to the affidavit in *Bell,* Unifund's adoption of the records is shown by the Lutz affidavit's reference to the Simien records by stating that they have "been maintained in files under [his] supervision and control." Lutz also specifies that he has reviewed the file, is the designated agent for the file, and that he has personal knowledge of the books and records concerning Simien. Because Lutz's affidavit sufficiently shows Unifund incorporated the Citibank records, the first prong of *Bell* is met. *See id.*

Simien attempts to distinguish this case from two other cases that have held third-party documents admissible under the business records exception. Simien contends that in *GT & MC, Inc. v. Texas City Refining, Inc.* and *Cockrell v. Republic Mortgage Insurance Co.* additional evidence that is not present in this case was presented to show the business incorporated the third-party documents. In *GT,* the witness proving up the business records exception testified that the third-party documents were marked and processed by the receiving business, including indicating the date of receipt, the identity of the recipient, whether the invoices were approved for payment, and who approved payment. *GT & MC, Inc. v. Tex. City Ref., Inc.,* 822 S.W.2d 252, 258 (Tex.App.-Houston [1st Dist.] 1991, writ denied). This Court held the evidence was sufficient

to show the records had been made by the receiving business, despite the fact that the documents were initially created by a third party. *Id.* In *Cockrell,* there was additional testimony that the third-party documents formed the basis of the mortgage insurer's payment to the lender. *Cockrell v. Republic Mortgage Ins. Co.,* 817 S.W.2d 106, 112 (Tex.App.-Dallas 1991, no writ). Simien contends that this additional evidence is not present in this case and therefore the trial court erred by admitting the Citibank records. Both *GT & MC* and *Cockrell* were issued before *Bell.* Neither case applies the three-step analysis employed by *Bell.* Neither case holds that the additional evidence Simien identifies is the only means of admitting third-party documents under the business records exception. As noted above, the evidence in this case is similar to the evidence found sufficient in *Bell* to show the business records had been incorporated.

### b. Reliance on Accuracy of Documents

The second factor in *Bell* is that the business incorporating the third-party document relies on the accuracy of the document. *Bell,* 176 S.W.3d at 92. This can be shown in a number of different ways. In *Bell,* the third-party documents at issue were letters from the business's insurer stating the business's liability on a claim had been settled. *Id.* at 93. Because the business was liable to the party with whom the insurer settled, this Court found the business relied on the documents to show the claim had been resolved. *Id.* at 94; *see also Brawner v. Allstate Indem. Co.,* 591 F.3d 984, 985, 987–88 (8th Cir. 2010) (holding mortgage company's evidence that documents informed mortgage company it could begin foreclosure, which mortgage company did, showed mortgage company relied on documents); *Air Land*

*Forwarders, Inc.,* 172 F.3d at 1341–43 (holding evidence that military used records to decide how much to reimburse members showed reliance by military on accuracy of records).

We note that some courts have stated that a document created by one business may become the records of a second business if the second business "determines the accuracy of the information generated by the first business." *Martinez v. Midland Credit Mgmt., Inc.,* 250 S.W.3d 481, 485 (Tex.App.-El Paso 2008, no pet.); *see also Duncan Dev., Inc. v. Haney,* 634 S.W.2d 811, 812–13 (Tex.1982). However, these cases do not hold that verification of accuracy is the sole means of admitting third-party documents under the business records exception. For example, in *Duncan Development, Inc.,* the records at issue were invoices submitted to Duncan from its subcontractors. 634 S.W.2d at 812. The Texas supreme court held that the invoices were admissible as Duncan's records because "Duncan utilized a reliable method of confirming the accuracy of the submitted invoices through its site supervisors who had personal knowledge of activities at its construction sites." *Id.* at 813. As noted above, *Bell* requires reliance on the accuracy of the document, which is a slightly different standard than proof that someone actually verified the accuracy of document.

 Although the second business's confirmation of the accuracy of the first business's records is one way to determine the records are admissible, another way is to show that the second business reasonably relied on the accuracy of the first business's records as part of the three-step test articulated in *Bell.* *See Bell,* 176 S.W.3d at 92. Here, Simien is correct that the Lutz affidavit fails to state that he confirmed the accuracy of the records, but that is not required under *Bell.* *See Bell,* 176 S.W.3d at 92. Unifund presented evidence that it reasonably relied on the accuracy of Simien's account from Citibank. Lutz's affidavit states that he reviewed the file, he is the designated agent for the file, he has personal knowledge of the books and records of Simien concerning this claim, he has maintained her files under his supervision and control, and that Simien's account remains unpaid in the amount stated in his affidavit. *See id.* at 93. Similar to the documents in *Bell* that showed a settled claim, here Unifund relied on the accuracy of the documents to determine the existence and value of Simien's debt that is now due to Unifund. *See id.*

We hold the second factor in *Bell* is satisfied because the evidence shows Unifund reasonably relied upon the accuracy of the contents of the documents it received from Citibank. *See id.; see also Brawner,* 591 F.3d at 987–88; *Air Land Forwarders, Inc.,* 172 F.3d at 1341–43.

### c. Circumstances Indicating Trustworthiness of Document

The final factor of *Bell* is that the circumstances indicate the trustworthiness of the third-party document. 176 S.W.3d at 92. In *Harris v. State,* cited with approval by *Bell,* the third-party document was a manufacturer's certificate of origin created by General Motors and received by a local automobile dealership. *Harris v. State,* 846 S.W.2d 960, 963 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd). This Court held the certificate possessed a high-degree of trustworthiness because "[a]utomobile manufacturers have a great interest in assuring that the [vehicle identification numbers] on their products correspond with the appropriate invoices, for without careful, reliable identification procedures their business would greatly suffer or even

fail. . . ." *Id.* (quoting *U.S. v. Hines,* 564 F.2d 925, 928 (10th Cir.1977), *aff'd,* 434 U.S. 1022, 98 S.Ct. 748, 54 L.Ed.2d 770 (1978)). In *Air Land Forwarders, Inc.,* the court found the third-party documents had "clear indicia of trustworthiness" because the service members were subject to criminal prosecution for submitting a false document. 172 F.3d at 1343–44.

■ Here, like General Motors, Citibank must keep careful records of its customer's credit card debt, otherwise its "business would greatly suffer or even fail." *See Harris,* 846 S.W.2d at 963. Also, failure to keep accurate records could result in criminal or civil penalties. *See* TEX. FIN.CODE ANN. § 392.304(a)(8) (Vernon 2006) (prohibiting misrepresentation of amount of consumer debt); TEX. FIN.CODE ANN. § 392.402 (Vernon 2006) (providing criminal penalties for violation of Chapter 392 of Texas Finance Code); *see also* Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692e(2)(a) (LexisNexis 2005) (prohibiting misrepresentation of amount of debt); 15 U.S.C.S § 1692*l* (LexisNexis 2005) (providing for administrative enforcement of Fair Debt Collection Practices Act). These circumstances provide an indication of trustworthiness of the Citibank documents. *See Harris,* 846 S.W.2d at 963; *see also Air Land Forwarders, Inc.,* 172 F.3d 1338 at 1343–44.

■ In her first issue, Simien asserts Lutz's affidavit lacks trustworthiness because Lutz avers that records created by Citibank were records created by Unifund. Simien contends the affidavit does not meet the requirements of 803(6), which states, "the source of information or the method or circumstances of preparation [must not] indicate lack of trustworthiness." *See* TEX.R. EVID. 803(6). As discussed above, a record may be "made" by a business although it was initially authored by a different business. *See GT &*

*MC, Inc.,* 822 S.W.2d at 258. Simien's contention, therefore, lacks merit. Simien does not expressly assert that the underlying documents are not trustworthy; rather, she asserts that Lutz's affidavit contains inaccurate statements. To the extent Simien is attacking Lutz's credibility, we note that the trier of fact is the sole judge of the credibility of a witness and the weight to give his testimony. *See Georgia–Pacific Corp. v. Stephens,* 239 S.W.3d 304, 308 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

■ Within her first issue, Simien also challenges the circumstances indicating the trustworthiness of the documents by contending Lutz is not qualified to testify about the Citibank documents because he did not state that he or anyone from Unifund knew of the events or conditions recorded in Citibank's records or had knowledge of the manner in which Citibank prepared the documents. Personal knowledge of the record-keeping practices of the third-party is not required under the line of authority represented by *Bell* and federal precedent. *See Bell,* 176 S.W.3d at 92 (rejecting argument that third-party documents can only be admitted when witness from that third-party lays foundation for business records exception in addition to witness from incorporating business); *see also Air Land Forwarders, Inc.,* 172 F.3d at 1343 (noting there is no requirement for first-hand knowledge of procedures used in original preparation of third-party documents when documents incorporated into records of another business, records were relied upon, and there were other indicia of reliability); *Harris,* 846 S.W.2d at 963–64 (rejecting argument that proponent of business record must prove personal knowledge of each person who made any notation in record).

Simien cites to two cases that state the witness laying the foundation for the admissibility of business records must have personal knowledge of the record-keeping practices of the business that created the documents. *See Martinez*, 250 S.W.3d at 485 (stating witness laying foundation for admission of business records obtained from third-party "must have personal knowledge of the manner in which the records were prepared"); *Powell v. Vavro, McDonald, & Assocs., L.L.C.*, 136 S.W.3d 762, 765 (Tex.App.-Dallas 2004, no pet.) (holding business records obtained from third party inadmissible because incorporating business's witness "was not a qualified witness to testify about the record keeping of another entity"). To the extent the opinions in *Martinez* and *Powell* conflict with the prior opinions of this Court and federal precedent concerning Rule 803(6), we decline to follow them. *See Satterfield v. Crown Cork & Seal Co.*, 268 S.W.3d 190, 206 n. 17 (Tex.App.-Austin 2008, no pet.) (stating court of appeals not bound by decision of another court of appeals); *Johnson v. Nacogdoches County Hosp. Dist.*, 109 S.W.3d 532, 536 (Tex. App.-Tyler 2001, pet. denied) (stating court of appeals not bound by decisions of sister court); *Eubanks v. Mullin*, 909 S.W.2d 574, 576 n. 1 (Tex.App.-Fort Worth 1995, no writ) (same) (citing *Shook v. State*, 156 Tex.Crim. 515, 244 S.W.2d 220, 221 (1951)).

Simien asserts that this Court's decision conflicts with the Fourteenth Court of Appeals' decision in *Carmouche v. State*, No. 14–03–00768–CR, 2004 WL 2851524 (Tex. App.-Houston [14th Dist.] Dec. 14, 2004, no pet.) (not designated for publication). In *Carmouche*, the records from Orthopedic Associates' medical facility included business records from two other hospitals. *Carmouche*, 2004 WL 2851524 at *2. The sponsoring witness failed to mention the attached medical records in any way. *Id.* The court observed that the affidavit in-

cluded only the "basic predicate" of Rule 803(6). *Id.* The court found that nothing in the affidavit met the test articulated by this Court in *Bell* in that it failed to show the attached records had been incorporated, were relied on by Orthopedic Associates, and the affidavit did not address trustworthiness. *Id.* Unlike *Carmouche*, here, Lutz's affidavit includes more than the "basic predicate" of Rule 803(6). Lutz expressly references the documents attached to the affidavit, and, as we have explained above, includes facts discussing the contents of the attached documents. The decision in *Carmouche* is consistent with our holding here.

The primary concern in admitting records such as these is their reliability. *Harris*, 846 S.W.2d at 964 (citing *Hines*, 564 F.2d at 928). Simien does not attack the reliability of the records, but contends Unifund's proof supporting the admission of the records is inadequate. Unifund presented evidence to the trial court that met the three factors in *Bell*. *See* 176 S.W.3d at 92. Therefore, the trial court properly admitted the Citibank records as the records of Unifund under the business records exception. We overrule Simien's first issue.

## C. Exclusion of Deposition

 In her second issue, Simien contends the trial court improperly excluded deposition testimony given by Lutz at a previous trial. Simien contends the deposition is admissible as relevant evidence. Simien argues the evidence is relevant under Rule 401 because it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Tex.R. Evid. 401. Simien also asserts the deposition is relevant under Rule 406 because it shows Lutz's actions "on a particu-

lar occasion [were] in conformity with [his] habit" of unfamiliarity with third-party records. *See* TEX.R. EVID. 406. Simien claims the Lutz deposition casts doubt on the trustworthiness of the Citibank documents attached to the affidavit.

Determining admissibility of business records affidavits involves deciding whether "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." TEX.R. EVID. 803(6). Simien does not challenge the trustworthiness of the source of information or the preparation of the Citibank documents, and the Lutz deposition is silent about Citibank. The excluded excerpts of the Lutz deposition relate only to the credibility of Unifund's employee, Lutz, on a different account several months prior to the events in question. The trial court did not abuse its discretion in excluding the Lutz deposition concerning a different case because that deposition does not pertain to Citibank and Simien never challenges the trustworthiness of the Citibank documents. *See Associated Carriages, Inc. v. Int'l Bank of Commerce*, 37 S.W.3d 69, 74 (Tex.App.-San Antonio 2000, pet. denied) (holding trial court's exclusion of irrelevant evidence was not abuse of discretion). We overrule Simien's second issue.[1]

### Sufficiency of Evidence

In her third issue, Simien contends the evidence is legally and factually insufficient to support many of the trial court's findings of fact.

### A. Standard of Review

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). Legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Id.* If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so. *Id.* at 822. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement. *Id.* Although the reviewing court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it, if the evidence allows only one inference, neither jurors nor the reviewing court may disregard it. *Id.*

In determining factual sufficiency, this Court weighs all the evidence, both supporting and conflicting, and may set the finding aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Comm'n of Contracts v. Arriba Ltd.,* 882 S.W.2d 576, 582 (Tex. App.-Houston [1st Dist.] 1994, no writ). In an appeal from a bench trial, we may not invade the fact-finding role of the trial court, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *Nordstrom v. Nordstrom,* 965 S.W.2d 575, 580–

---

1. In her motion for rehearing and en banc reconsideration, Simien contends the deposition is also admissible under Texas Rule of Evidence 806. *See* TEX.R. EVID. 806 (providing for impeachment of hearsay declarant). However, Simien raises this argument for the first time in her motion for rehearing. It is, therefore, waived. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.,* 46 S.W.3d 880, 885 (Tex.2001) (stating arguments not raised until motion for rehearing in court of appeals waived).

81 (Tex.App.-Houston [1st Dist.] 1997, pet. denied).

■ The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Williams v. Unifund CCR Partners Assignee of Citibank,* 264 S.W.3d 231, 235–36 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (citing *Winchek v. Am. Express Travel Related Servs. Co.,* 232 S.W.3d 197, 202 (Tex.App.-Houston [1st Dist.] 2007, no pet.)).

## B. Analysis

Simien contends that "if the business records attached to the Lutz affidavit are excluded, there remains no evidence to support findings of fact 1 through 5."[2] Having held that the trial court's admission of the business records affidavit was proper, we overrule Simien's challenges to findings of fact one, three, and five because those challenges are expressly conditioned on the exclusion of the business records. However, as addressed below, Simien does assert challenges to a portion of finding of fact number two and finding

of fact number four that are not conditional.

Simien also makes a conditional challenge to the trial court's conclusions of law one, two, four, five, and six.[3] Simien states these conclusions of law "are invalid, because they are not supported by any facts if the documents attached to the Lutz affidavit are excluded." Because we have determined the business records were properly admitted, we overrule this portion of Simien's challenge to these conclusions of law.

The only challenges by Simien that are not conditioned upon the exclusion of the business records are that: (1) there is no evidence or insufficient evidence to support "that part of finding of fact number [two] in which the trial court found that the purchases made by Simien using the account 'were at the agreed prices charged or at the reasonable market value;' "[4] and (2) there is insufficient evidence to support any damage award over $10,540.29.

### 1. Finding of Fact Number Two

■ Assuming Simien is correct that the evidence is legally and factually insufficient to support a finding that Simien's credit card purchases were "at the agreed

---

**2.** Findings of Fact one through five state,

1. That [Unifund] and [Simien] entered into an account agreement.
2. [Simien] did purchase goods and services at different places upon the account. Said purchases were at the agreed prices charged at the reasonable market value.
3. [Simien] promised to pay for said account.
4. Said account remains unpaid damaging [Unifund] in the amount of $34,600.08.
5. By failing to pay for said account pursuant to the terms of the account agreement, [Simien] breached the account agreement.

**3.** Conclusions of Law one, two, four, five, and six state,

1. Said account remains unpaid damaging [Unifund] in the amount of $34,600.08.
2. Pursuant to the terms of the account agreement, [Simien] was also responsible for interest upon the indebtedness, as well as attorney's fees.
4. [Unifund] has standing to sue for breach of the account agreement.
5. [Unifund] performed under the terms of the account agreement.
6. By failing to pay for said account pursuant to the terms of the account agreement, [Simien] breached the account agreement.

**4.** Although Simien refers to finding of fact four, the quoted language is in finding number two.

prices charged or at the reasonable market value," we must still affirm.

"[A]n appellate court will overrule a challenge to fact findings that underpin a legal conclusion or disposition when other fact findings that also support that legal conclusion or disposition go unchallenged." *Howeth Invs., Inc. v. City of Hedwig Village,* 259 S.W.3d 877, 889 (Tex.App.-Houston [1st Dist.] 2008, pet. denied) (quoting *Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676, 682 (Tex.App.-Houston [1st Dist.] 2002, no pet.)). Here, Simien acknowledges the trial court's findings of fact "appear to mirror the elements" of Unifund's claims. However, whether Simien paid "the agreed prices" or "the reasonable market value" when making purchases with her Citibank credit card is not an element of Unifund's claim for breach of contract because the credit card agreement does not require payments only for goods purchased at agreed prices or the reasonable market value. The remaining findings of fact, which Simien only challenged conditionally, are sufficient to support the trial court's conclusions of law and judgment for Unifund's claim for breach of contract. *See Howeth Investments, Inc.,* 259 S.W.3d at 889–90 (overruling appellate issue because unchallenged findings of fact supported trial court's conclusions of law and judgment).

## 2. Damages

In finding of fact number four (and conclusion of law number one), the court stated, "Said account remains unpaid damaging [Unifund] in the amount of $34,600.08." Simien asserts the evidence is insufficient to support an award "of any damages over $10,540.29." Specifically, Simien contends,

> [T]here is nothing in the record which explains how this account could accrue $24,059.79 in interests and fees between December 18, 2002, the date of the last tendered monthly statement, and May 16, 2008, the date of the judgment, so that damages could equal $34,600.08. . . . There is also insufficient evidence to support the application of any other interest rate from December 18, 2002 to May 16, 2008. All of the monthly statements reflect that there are different interest rates imposed. . . . Furthermore, none of the admitted records other than the three monthly statements set forth the applicable interest rate.

(Record citations omitted).

In his affidavit, Lutz states, "There is presently due, owing and unpaid by the Defendant, MICHELLE D. SIMIEN, the sum of $34,600.08, as of July 23, 2007." Kenney similarly avers, "There is due and payable from MICHELLE D. SIMIEN . . . the amount of $34600.08." Simien presented no controverting evidence.

Lutz's and Kenney's affidavits are some evidence from which a reasonable factfinder could determine that Simien owed $34,600.08 on her credit card account. *See City of Keller,* 168 S.W.3d at 827. Because no other evidence was admitted, in weighing all the evidence we conclude the finding of $34,600.08 in damages is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain,* 709 S.W.2d at 176. We hold the evidence is legally and factually sufficient to uphold the award for damages. We overrule Simien's third issue.

## Attorney's Fees

In her fourth issue, Simien challenges the trial court's award of attorney's fees. Specifically, Simien asserts

> If this Court holds that the documents attached to the Lutz business records affidavit were inadmissible, Unifund will

not be able to prevail on any theory of liability nor can it recover any damages. Without prevailing on one of its causes of action and without recovering any damages, Unifund is not entitled to recover any attorney's fees.

Because we hold the business records affidavit is admissible, we need not address this conditional challenge. We overrule Simien's fourth issue.

### Prejudgment Interest

In her fifth issue, Simien challenges the trial court's award for prejudgment interest, asserting it amounts to a prohibited double recovery of damages. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex.1995). Simien states the trial court should not award prejudgment interest, calculated here at a rate of 5.25% from July 23, 2007 through May 16, 2008, the date of the judgment. The prejudgment interest is in addition to damages, which include interest on her principal credit card debt for defaulting on her payments. Simien contends this default interest rate is 21.846% from December 18, 2002, until May 16, 2008. Simien asserts the prejudgment and default interest overlap from July 2007 to May 2008, awarding a double recovery to Unifund.

The prejudgment interest and the credit card account interest are two separate interest rates for two separate time periods. The interest rate for defaulting on credit card payments applied to the principal debt of $10,540.51 from December 18, 2002 through July 23, 2007. On July 23, 2007, the business records affidavit calculates Simien's debt to Unifund at $34,600.08. Therefore, before the trial court assessed any prejudgment interest, the damages had reached $34,600.08. The prejudgment interest was applied for the period of time after July 23, 2007. The trial court's judgment expressly provides for prejudgment interest "at the rate of 5.25% per annum from July 23, 2007 until date of entry of this judgment." Simien's argument against prejudgment interest on appeal is not supported by the record. We hold there is no double recovery in this case because the interest allowed by the credit card did not overlap with the period of time for which the prejudgment interest was ordered. We overrule Simien's fifth issue.

### Conclusion

We affirm the judgment of the trial court.