Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00320-CV

———————————

Citibank (South Dakota), N.A., Appellant

V.

Michael A.
Tate, Appellee



 



 

On Appeal from the County Court at Law No. 4

Fort Bend County, Texas



Trial Court Case No. 05-CCV-026232

 



 

MEMORANDUM OPINION

          Citibank
(South Dakota), N.A. appeals a directed verdict in favor of Michael A. Tate in
its suit for unpaid credit card debt. 
Citibank contends that the trial court erroneously excluded the billing
statements and notices informing Tate of changes in his credit card agreement.  Because Citibank properly established the
applicability of the business-records exception, we reverse and remand for further
proceedings.

I.                 
Background

Citibank (South Dakota), N.A. sued
Michael A. Tate to recover unpaid debt on a credit card account.  During trial, Citibank sought to introduce
the billing statements from Tate’s account through the testimony of Rhonda
Hedges, an employee of Citicorp Credit Services, Inc.  Hedges testified without objection that
Citicorp Credit Services and Citibank were both wholly owned subsidiaries of
Citigroup and that pursuant to a contract, Citicorp Credit Services provided
administrative services for Citibank’s credit card accounts.  These services included collections, customer
service, litigation support, and issuance of credit cards and billing
statements.

Hedges identified exhibits 2–9 as
notices regarding changes in Tate’s credit card agreement and testified,
without objection, that she had located these documents in Citibank’s
files.  Citibank offered these exhibits into
evidence, and Tate’s lawyer objected to the lack of a proper predicate for lack
of a showing that these notices were timely sent to Tate in accordance with the
credit card agreement.  Although the
trial court initially observed that this objection went to the weight of the
evidence, not its admissibility, the trial court admitted exhibits 2-9 for the
limited purpose of being examples of Citibank’s records, subject to Citibank
laying a proper predicate.  See Tex.
R. Evid. 104(b).

The following day, outside the
presence of the jury, Tate’s lawyer raised a discovery issue.  During discovery, Tate sought production of
“[t]he contract that [Citibank has] with Citi Credit Services (USA), Inc.,
related to the collection or handling of [Tate’s] Account.”  Citibank objected to the request on several
grounds including materiality, relevance, vagueness, and confidentiality.  Tate never moved to compel production, nor
did he otherwise seek a ruling on Citibank’s objections.  Nevertheless, based on Citibank’s failure to
produce its contract with Citicorp Credit Services, Tate objected that all of
Hedges’s testimony from the prior day was hearsay.  After hearing argument from both sides, the
trial court stated that the Citicorp Credit Services contract was inadmissible,
and it ruled that exhibits 2 through 9 were also inadmissible.  Citibank offered the contract for admission
into evidence later that same day, and the trial court again ruled that it was
inadmissible.

After the trial court’s exclusion
of exhibits 2-9, Hedges testified that she had been employed by Citicorp Credit
Services for nearly seven years.  She
identified exhibit 10, which was comprised of monthly billing statements for
Tate’s account from January 1998 through December 2004.  She testified that Citicorp Credit Services
generates similar billing statements and maintains the records for all of
Citibank’s credit card accounts.  She
also testified without objection that (1) exhibit 10 was made at or near
the time of the information recorded therein, (2) exhibit 10 was made by a
person or persons with knowledge of the information recorded therein, (3) it
is in the regular course of Citicorp Credit Services’s business to make such
records, and (4) it is in the regular course of Citicorp Credit Services’s
business to keep such records.

Tate’s lawyer objected to exhibit
10 because the contract between Citibank and Citicorp Credit Services was not
produced during discovery, and the trial court sustained the objection, saying:

It
was not shown what right she has to have any access to Citibank records.  The fact they are in possession of Citicorp
or whatever this other entity is does not tie this to any right to testify as
to anything regarding this particular case where the Plaintiff is Citibank.

 

          Citibank
argued that Hedges’s testimony satisfied the requirements of the business
records exception to the hearsay rule. 
The trial court observed that Hedges never testified that she was the
custodian of the records of Citibank, that the only way she could be a
custodian of the records would be pursuant to a contract, and that any such contract
was inadmissible because it was not produced during discovery.  

Citibank made an offer of proof,
wherein Hedges testified unequivocally that she had been the custodian of Citibank’s
records since 2002.  In response to
counsel’s questions, she again testified to all of the requirements of the
business records exception regarding exhibit 10.  Exhibits 2–10 were attached to the record as
part of Citibank’s offer of proof. 
Citibank rested, and the trial court granted Tate’s motion for directed
verdict.  

II.              
Standard of review

We review a trial court’s decision
to admit or exclude evidence for an abuse of discretion.  Bay
Area Healthcare Grp., Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex. 2007); Allstar Nat’l. Ins. Agency v. Johnson, No.
01-09-00322-CV, 2010 WL 2991058, at *3 (Tex. App.—Houston [1st Dist.] July 29,
2010, no pet.).  A trial court abuses its
discretion when it acts without reference to any guiding rules or principles.  Garcia
v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999).  However, a trial court has no discretion in
determining what the law is or applying the law to the facts.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  A clear failure to analyze
or apply the law correctly constitutes an abuse of discretion.  Walker,
827 S.W.2d at 840.

III.          
Business records hearsay exception

Citibank contends that the trial
court abused its discretion by excluding exhibit 10, the billing statements,
because Hedges’s testimony proved the application of the business records
exception to the hearsay rule.  “‘Hearsay’
is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter
asserted.”  Tex. R. Evid. 801(d).  Hearsay
is not admissible except as provided by statute or rule.  Tex.
R. Evid. 802.  The proponent of
hearsay has the burden of showing that the evidence fits within an exception to
the general rule prohibiting the admission of hearsay evidence.  Volkswagen
of Am., Inc. v. Ramirez, 159 S.W.3d 897, 908 n.5 (Tex. 2004); Simien v. Unifund CCR Partners, 321
S.W.3d 235, 240 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Rule 803(6) of the Texas Rules of
Evidence provides the following exception to the hearsay rule for business
records:

A . . . record . . . made at
or near the time by, or from information transmitted by, a person with
knowledge, if kept in the course of a regularly conducted business activity,
and if it was the regular practice of that business activity to make the
memorandum, report, record, or data compilation, all as shown by the testimony
of the custodian or other qualified witness, or by affidavit that complies with
Rule 902(10), unless the source of information or the method or circumstances
of preparation indicate lack of trustworthiness.

Tex. R. Evid. 803(6); Simien, 321 S.W.3d at 240; see In re E.A.K., 192 S.W.3d 133, 141
(Tex. App.—Houston [14th Dist.] 2006, pet. denied).  Documents created by one entity may be
admissible as business records of another entity if: (a) the documents are
compiled and kept in the course of the testifying witness’s business; (b) that
business typically relies upon the accuracy of the contents of the documents;
and (c) the circumstances otherwise indicate the trustworthiness of the
documents.  Simien, 321 S.W.3d at 240–41.

Hedges testified that she had
worked for Citicorp Credit Services for nearly seven years, that Citicorp
Credit Services provided support for Citibank credit card accounts, that her
job responsibilities gave her the right to access the kind of information
included in exhibit 10, and that she was the custodian of these records.  She testified that the statements in exhibit
10 were made at or near the time of the information recorded therein by a
person with knowledge.  She testified
that exhibit 10 and other billing statements like it were made and kept in the
regular course of Citicorp Credit Services’s business.

In its ruling, the trial court
implied that Hedges’s testimony alone was insufficient and that a document was
required to establish that she was the custodian of these records.  However, Rule of Evidence 803(6) expressly provides
that the business records predicate may be established by the testimony of the
custodian of the records or another qualified witness.  Tex.
R. Evid. 803(6).

On appeal, Tate argues that
Citibank’s only witness was not its employee, but that fact does not render exhibit
10 inadmissible.  The billing records
could qualify for the business records hearsay exception even if they were
business records of a third party to the lawsuit.  Hedges testified that the records were kept in
the course of Citicorp Credit Services’s business, that Citicorp Credit
Services issued billing statements and provided collections and litigation
support, and that she had no indication of any lack of trustworthiness in the
way these documents were handled, generated, or kept.  See
Simien, 321 S.W.3d at 240–41.

We conclude that Citibank showed
that the billing records satisfied the business records exception to the
general rule prohibiting the admission of hearsay evidence.  See Tex. R. Evid. 803(6); Ramirez, 159 S.W.3d at 908 n.5; Simien, 321 S.W.3d at 240.  We hold that the trial court abused its
discretion by incorrectly applying the law and excluding the billing records.  See Walker,
827 S.W.2d at 840.

“To obtain reversal of a judgment
based on error in the admission or exclusion of evidence, an appellant must
show that the trial court’s ruling was erroneous and that the error was
calculated to cause, and probably did cause, ‘rendition of an improper
judgment.’”  Benavides v. Cushman, Inc., 189 S.W.3d 875, 79 (Tex. App.—Houston
[1st Dist.] 2006, no pet.) (quoting Tex.
R. App. P. 44.1(a)(1); Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998)).  In conducting this harm analysis, we review
the entire record.  Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000); Benavides, 189 S.W.3d at 879.

Evidentiary rulings do not usually
cause reversible error unless an appellant can demonstrate that the judgment
turns on the particular evidence that was admitted or excluded.  City of Brownsville
v. Alvarado, 897 S.W.2d 750, 753–54 (Tex. 1995); Benavides, 189 S.W.3d at 879.  An error in the exclusion of evidence requires
reversal if it is both controlling on a material issue and not cumulative. Mentis v. Barnard, 870 S.W.2d 14, 16
(Tex. 1994).

It is apparent from the record that
Citibank rested its case because the trial court excluded its evidence of the
unpaid balance on Tate’s credit card account and that the trial court granted Tate’s
motion for directed verdict because Citibank presented no evidence on this
material issue.  See City of Keller v. Wilson,
168 S.W.3d 802, 823 (Tex. 2005) (holding that standard of review for legal
sufficiency challenge applies to review of directed verdict); Prudential Ins. Co. of Am. v. Fin. Rev.
Servs. Inc., 29 S.W.3d 74, 77 (Tex. 2000) (holding that directed verdict is
proper when plaintiff does not present evidence raising fact issue essential to
his right of recovery).  The billing
records were both controlling on a material issue and not cumulative.  We conclude that the trial court’s exclusion
of the billing records probably caused the rendition of an improper judgment.  We sustain Citibank’s first issue in part,
and we reverse and remand for further proceedings.  Because of this disposition, we need not
address Citibank’s remaining issue on appeal.

Conclusion

We reverse
the judgment of the trial court and remand for further proceedings.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.