In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00150-CV

———————————

Old Republic Insurance Company, Appellant

V.

Marlana
Edwards, Appellee



 



 

On Appeal from the County Court at Law No. 3

Harris County, Texas



Trial Court Case No. 896330

 



 

CONCURRING MEMORANDUM OPINION

          I join in the court’s
opinion and concur in its judgment because it correctly follows Simien v. Unifund CCR Partners, 321
S.W.3d 235 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh’g).   I
write separately to state that I believe that Simien misplaces the burden of proof by requiring the proponent of the
admission of business records from a third party that are integrated into a
company’s records to demonstrate the records’ trustworthiness.  The proponent of the evidence does not bear
the burden of proving the trustworthiness of business records offered that
otherwise satisfy the requirements of Texas Rule of Evidence 803(6); such
records are presumed to be trustworthy and admissible.  See
Adams v. State, 985 S.W.2d 582, 584 n.5 (Tex. App.—Eastland 1998, pet.
ref’d); Texon Energy Corp. v. Dow Chem.
Co., 733 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d
n.r.e.); Tex. R. Evid. 803(6)
(stating that the records are admissible “unless the source of information or
the method or circumstances of preparation indicate lack of trustworthiness”); see also Shelton v. Consumer Prods. Safety Comm’n, 277
F.3d 998, 1010 (8th Cir. 2002) (holding that once the offering party establishes the foundational requirements of the business
records exception, “the burden shifts to the party
opposing admission to prove inadmissibility by establishing sufficient indicia
of untrustworthiness”). 
Cf.
Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167, 109 S. Ct. 439, 448
(1988) (holding that a report was admissible under Rule 803(8)(C) and stating
that while the rule “assumes admissibility” once the threshold requirements are
satisfied, the “trustworthiness inquiry” is a “provision for escape” and is the
“primary safeguard against the admission of unreliable evidence”); 1001 McKinney Ltd. v. Credit Suisse First
Boston Mortgage Capital, 192 S.W.3d 20, 28 (Tex. App.—Houston [14th Dist.]
2005, pet. denied) (stating that once Rule 803(8) threshold requirements are
met, report is admissible “with the burden being placed on the party opposing
the admission of the report to show its untrustworthiness”).  The trustworthiness exception to
admissibility provides an escape mechanism if there are negative factors demonstrating
the records’ lack of reliability.  See Advisory Comm. Notes (stating that
the rule “process from the base that records made in the course of a regularly
conducted activity will be taken as admissible but subject to authority to
exclude if” they are shown to be untrustworthy).  It is, therefore, the burden of the party
objecting to such records to demonstrate a lack of trustworthiness; it is not
the burden of the offering party to demonstrate trustworthiness.    

          Nevertheless,
Simien is controlling precedent,
which we must accept, and Old Republic has not asked us to modify this
requirement.

          Accordingly,
I join the court’s opinion in this case involving “unique circumstances.”  See Old
Republic Ins. Co. v. Edwards, No. 01-10-00150-CV, slip op. at 20 (Tex.
App.—Houston [1st Dist.] June 30, 2011, no pet. h.).

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Justice
Brown, concurring.