Affirmed and Memorandum Opinion filed July 12, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00818-CV

___________________

 

Jimmy Troung, Appellant

 

V.

 

Dodeka, L.L.C., Appellee



 



 

On
Appeal from the County Civil Court at Law No. 1

Fort Bend County,
Texas



Trial Court Cause No. 07-CCV-034797

 



 

 

MEMORANDUM OPINION

            Following a bench trial in this lawsuit to collect a
credit card debt, the trial court rendered judgment in favor of appellee
Dodeka, L.L.C.  In three issues, appellant Jimmy Troung[1] contends (1)
Dodeka failed to introduce any evidence to support a judgment in its favor, (2)
the trial court erroneously admitted untrustworthy and unreliable exhibits that
failed to meet the requirements of the business records exception to hearsay
evidence, and (3) the trial court improperly precluded Troung from
cross-examining the custodian of records.  We affirm.

I.  Factual and Procedural Background

            Troung
initially opened a credit card account with a predecessor to Chase Bank, USA,
N.A.  Troung made his last payment to Chase on February 13, 2004, leaving a balance
due on the account.  Chase subsequently sold the account to Unifund Portfolio
A, LLC, who, in turn, sold it to Dodeka.

            Dodeka,
as assignee, sued Troung for breach of the loan contract.  On February 22,
2010, Dodeka filed a Notice of Filing Business Records and an Affidavit of
Assignment, Damages and Business Records, with attached records.  On March 30,
2010, counsel for both parties appeared for a trial to the bench.  By written
motions filed March 30 and orally, Troung’s counsel made several objections to
the affidavit and attached records.  The court continued trial to June 22, 2010.

On April 19, 2010,
Dodeka timely filed a Notice of Filing Amended Business Records and an Amended
Affidavit of Assignment, Damages and Business Records, with attached records. 
By written motions filed June 22 and orally, Troung objected to the amended affidavit
and attached records.  After hearing Troung’s objections that the business
records were untimely filed and untrustworthy and his argument that the bills
of sale did not establish Dodeka was the owner of the account, the trial court
ruled, “I’m going to allow the amended affidavit and I’m going to accept the
Bill of Sale as supplied and I’m going to grant judgment . . . [i]n favor of
Dodeka, L.L.C.”  The court then allowed Troung to put additional objections on
the record.  In response, the court stated it would “allow” or “accept” the
evidence to which Troung was objecting.[2] 
None of the documents, however, was marked as an exhibit or formally admitted.

By written judgment
signed June 22, 2010, the trial court awarded Dodeka $3,779.18 in damages and
$400.00 in attorney’s fees.  The trial court subsequently filed findings of
fact and conclusions of law.  Troung filed a motion for new trial, which was
overruled by operation of law.

II.  Discussion

A.  Whether
Dodeka’s Evidence was Admitted

            In
issue one, Troung argues the “[t]rial court erred because there was no evidence
admitted at trial to support judgment for [Dodeka].”  He bases his argument on
the facts that Dodeka did not formally offer the affidavit and attached records
into evidence and they do not appear as part of the reporter’s record.[3]

            In
addition to ruling on the affidavit and bills of sales, the court also ruled as
follows:

·       
Regarding Troung’s objection that the affidavit was beyond the
scope of a business record affidavit in that it contained factual testimony and
legal opinion, the court responded, “I’m going to allow that”;

·       
Regarding Troung’s objection that the affiant had no personal
knowledge of   the record-keeping practices of Chase’s predecessors, the court
responded, “I’m going to allow that information”;

·       
Regarding Troung’s request to strike the credit card agreement,
the court responded, “I’m going to deny your request”;

·       
Regarding Troung’s hearsay and relevance objection to the affidavit,
the court responded, “I accepted the affidavit”; and 

·       
Regarding Troung’s final request for a ruling to protect the
record, the court responded, “I already accepted. I ruled on the Bill of Sales.
 I accepted that. I’m going to accept the information; and I’m, again, going to
grant judgment.”

Given the preceding
statements, it is clear the trial court considered the affidavit and records as
admitted into evidence.  It is equally clear that, until his appeal in this
court, Troung considered the affidavit and records as being in evidence.  Virtually
all of his points of error in his motion for new trial began, “The trial court
erred in overruling Defendant’s objections to the admission into evidence . . .
.”  Troung did not make an objection at trial that the affidavit and records
never were admitted.[4] 
Finally, Dodeka sponsored the documents and treated them as admitted.

Appellate courts
generally hold that when the trial court and parties treat evidence as if it
had been admitted, for all practical purposes, it is admitted.  See Travelers
Indem. Co. of R.I. v. Starkey, 157 S.W.3d 899, 904 (Tex. App.—Dallas 2005,
pet. denied) (citing cases).  Although formal presentment and acceptance of the
affidavit and records is the appropriate method to admit evidence and would
have been preferable, our review of the record indicates both the court and
counsel considered the documents to be in evidence and the court in fact
received the affidavit in evidence.  We also note that the court incorporated
certain information from these documents into its findings of fact.  The record
thus precludes any complaint the documents were not in evidence.  See
Farrell v. Evans, 517 S.W.2d 585, 586–87 (Tex. Civ. App.—Houston [1st
Dist.] 1974, no writ) (concluding same on facts before the court). 

For the preceding
reasons, we overrule Troung’s first issue.

B. 
Whether Dodeka’s Evidence was Admissible under Texas Rule of Evidence
803(6)

            In
issue two, Troung argues “the trial court erred because [it] admitted hearsay
exhibits into evidence that were not trustworthy or reliable and that failed to
meet requirements of [Texas Rule of Evidence] 803(6).”  The records to which
Troung refers are (1) the affidavit of Dodeka’s custodian of records, Holly M.
Chaffin, (2) a Chase credit card agreement, and (3) the bill of sale between
Chase and Unifund. [5]

            In
reviewing the trial court’s decision to admit evidence, we apply an
abuse-of-discretion standard.  See In re J.F.C., 96 S.W.3d 256, 285
(Tex. 2002).  A trial court abuses its discretion when it rules without regard
for any guiding rules or principles.  Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998).  We must uphold a trial court’s
evidentiary ruling if there is any legitimate basis for the ruling.  Id.

“‘Hearsay’ is a
statement, other than one made by the declarant while testifying at the trial
or hearing, offered in evidence to prove the truth of the matter asserted.”  Tex.
R. Evid. 801(d).  The proponent of hearsay has the burden of showing that the
testimony fits within an exception to the general rule prohibiting the
admission of hearsay evidence.  Volkswagen of Am., Inc. v. Ramirez, 159
S.W.3d 897, 908 n.5 (Tex. 2004).

Under the business records
exception to the hearsay rule, the following is not excluded even though the
declarant is available as a witness:

            A memorandum, report, record, or data
compilation, in any form, of acts, events, conditions, opinions, or diagnoses,
made at or near the time by, or from information transmitted by, a person with
knowledge, if kept in the course of a regularly conducted business activity,
and if it was the regular practice of that business activity to make the
memorandum, report, record, or data compilation, all as shown by the testimony
of the custodian or other qualified witness, or by affidavit that complies with
Rule 902(10), unless the source of information or the method or circumstances
of preparation indicate lack of trustworthiness. . . .

Tex. R. Evid. 803(6).    

Thus, the proponent of
records under the business records exception must show (1) the records were
made and kept in the course of a regularly conducted business activity, (2) it
was the regular practice of the business activity to make the records, (3) the
records were made at or near the time of the event that they record, and (4)
the records were made by a person with knowledge who was acting in the regular
course of business.  See In re E.A.K., 192 S.W.3d 133, 141 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied).

On appeal, Troung does
not dispute that the records in question meet these four requirements.[6]  Instead, pointing
to discrepancies between the affidavit and documents filed on February 22,
2010, and those filed on April 19, 2010, he argues the records are not reliable
or trustworthy.  When records meet the requisites for admissibility under Rule
803(6), the opponent of the evidence bears the burden of establishing
untrustworthiness.  See Texon Energy Corp. v. Dow Chem. Co., 733 S.W.2d
328, 330 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.) (“Once the
necessary predicate [under rule 803(6)]was laid, it became appellant’s burden
to show that there was some underlying reason why the records were inadmissible.”);
see also Graef v. Chem. Leaman Corp., 106 F.3d 112, 118 (5th Cir. 1997)
(“[T]he burden of establishing the untrustworthiness of such documents is on
the opponent of the evidence.”).[7]

The first discrepancy
Troung cites concerns inclusion of different card member agreements in the two
proffers and a notation on the agreement in the April affidavit that Troung
interprets to mean that agreement had been revised in October 2004, i.e., after
Troung stopped paying on the account.[8] 
The second discrepancy concerns differences in the dates of the bill of sale of
the account from Chase to Unifund.  The bill of sale in the February affidavit
was dated February 23, 2007; that in the April affidavit was dated December 20,
2005.[9]

Troung brought these
differences to the trial court’s attention.  It was within the trial court’s
discretion to determine whether such differences established that “the source
of [Dodeka’s proffered] information or the method or circumstances of
preparation indicate[d] untrustworthiness.”  Tex. R. Evid. 803(6); see
United States v. Patterson, 644 F.2d 890, 900–01 (1st Cir. 1981) (“The
determination of . . . whether the circumstances indicate untrustworthiness[]
is within the discretion of the district court.”); see also Fleming v.
Fannie Mae, No. 02–09–00445–CV, 2010 WL 4812983, at *3–4 (Tex. App.—Fort
Worth Nov. 24, 2010, no pet.) (mem.op.) (indicating determination of
admissibility of business records affidavits involves deciding whether source
of information or method or circumstances of preparation indicate lack of
trustworthiness and admission or exclusion of evidence rests within sound
discretion of trial court).  “The mere fact that errors or deviations have
occurred from time to time does not destroy the inference of underlying
trustworthiness which a judge may choose to draw from proof of a general
practice.”  United State v. McGill, 953 F.2d 10, 15 (1st Cir. 1992). 
Based on the record, we cannot conclude the trial court abused its discretion
in admitting the records at issue.

For the preceding
reasons, we overrule Troung’s second issue.

C.  Whether
Troung was Improperly Denied Cross-Examination of Dodeka’s Affiant

In issue three, Troung
argues the trial court erred by allowing inconsistent hearsay testimony via the
business records affidavit of the custodian of records whom Troung could not
cross-examine.  He further argues, “Due process requires an opportunity to
confront and cross-examine adverse witnesses.”

In the trial court,
Troung objected to the affidavit on the ground that it contained “several
statements . . . that are beyond the scope of a business record affidavit and
are testifying as to factual issues for which the affiant has no personal
knowledge of and has not established that she has personal knowledge of.”  At
no point, however, did Troung object to not being able to cross-examine the
affiant or apprise the trial court he was being denied due process.  In this
court, he does not identify the specific statements he contends are beyond the
scope of a business records affidavit.  Troung has not preserved this issue for
appeal.  See Tex. R. App. P. 33.1(a) (regarding preservation of error in
trial court); Tex. R. App. P. 38.1(i) (stating appellant’s brief “must contain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record”).  His complaints have been waived.

For the preceding
reasons, we overrule Troung’s third issue.


Conclusion

            Having
overruled Troung’s three issues, we affirm the judgment of the trial court.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel
consists of Justices Frost, Jamison, and McCally.









[1] Appellant’s name appears
as “Troung” and “Truong” in the record.  We use the spelling found in Troung’s
notice of appeal and appellate brief.





[2] An expanded version of
the interactions between counsel and the court appears in section II.A., below.





[3] The reporter’s record
contains no exhibits. The affidavit and attachments are included in the clerk’s
record.





[4] In the trial court,
Troung referred to the amended affidavit as the “admitted affidavit.”





[5] In the trial court,
Troung also argued that the bills of sale did not establish Dodeka’s final
ownership of Troung’s account.   The trial court, however, found:

15.
Following default, FIRST USA/CHASE sold and assigned the account, along with
all rights inherent in the account, to Unifund Portfolio A, LLC.

16.
Pursuant to a Master Servicing Agreement, Unifund Portfolio A assigned the
account, along with all rights inherent in the account, to Unifund CCR
Partners. 

17.
Unifund CCR Partners sold and assigned the account, along with all rights
inherent in the account, to Plaintiff Dodeka, LLC. on July 23,2007.

18.
Plaintiff [Dodeka] is the current assignee and owner of the Account.

Troung does not challenge
these findings on appeal, and we do not interpret his argument on appeal as
renewing his trial court argument regarding the alleged deficiency of the bills
of sale.





[6] Troung also does not
complain that the documents attached to Chaffin’s affidavit were created by a
third party or argue that a different burden of establishing untrustworthiness
applies in such a case.  See Simien v. Unifund CCR Partners, 321 S.W.3d
235, 240, 243 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (setting forth
three-prong test for admission of third party documents, with third prong being
“that the circumstances indicate the trustworthiness of the third-party
document”).  In Simien, the appellate court upheld the admissibility of
documents virtually identical to those at issue in the present case.  Id.
at 245.





[7] The Texas Supreme Court
has instructed:  “Considering federal precedent as to evidentiary matters is
appropriate.”  Guevara v. Ferrer, 247 S.W.3d 662, 667 n.3 (Tex. 2007).





[8] Troung’s last payment on
the account had allegedly occurred eight months earlier, in February 2004.





[9] Troung refers to
“different agreements between CCR Partners [i.e., Unifund] and Dodeka.”  We
find no support for this reference.