Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01146-CV

———————————

Noris Rogers, Appellant

V.

Unifund CCR
Partners,
Appellee



 



 

On Appeal from the 151st District Court

Harris County, Texas



Trial Court Case No. 2010-09492

 



 

MEMORANDUM OPINION

          Appellee,
Unifund CCR Partners (“Unifund”),
sued appellant, Noris Rogers, for breach of contract,
alleging that Rogers had defaulted on his obligation to make payments on a
credit account originally issued by Bank One, Arizona, NA (“Bank One”).  In three issues, Rogers challenges the trial
court’s grant of summary judgment in favor of Unifund,
arguing that (1) Unifund did not have standing to
bring the suit on the debt at issue; (2) Unifund
failed to establish each essential element of its breach of contract claim as a
matter of law; and (3) Unifund failed to establish
each essential element of its account stated claim as a matter of law.

          We
affirm.

                                                                                                                                                                
Background

Bank One entered into a credit card agreement with Rogers
and extended him credit under the terms of that agreement.  Rogers used the credit card, but, at some
point, he defaulted in making the required payments.

On February 12, 2010, Unifund
filed suit against Rogers, alleging that it was the assignee of Bank One’s interest
in the account.  Unifund
stated a cause of action for breach of contract, alleging that Rogers defaulted
in making the payments required by his credit card agreement with Bank One, or
in the alternative, that Rogers was liable under promissory estoppel or quantum
meruit.  Unifund also sought reasonable and necessary attorney’s
fees.  Rogers filed an answer and denied Unifund’s allegations.

On October 10, 2010, Unifund
moved for summary judgment on all of its claims.  It supported its motion with the affidavit of
Chris Blanton, legal liaison for Unifund, and various
business records showing the assignment of the account to Unifund,
the terms of the credit agreement, and Rogers’ current account balance.

On November 1, 2010, Rogers moved to dismiss the case for
lack of subject matter jurisdiction; alternatively, he moved for summary
judgment.  Rogers argued that he is not a
resident of Harris County, and Unifund was required
to file suit in his home county.[1]  He also argued that Unifund
failed to meet its burden of proof on its breach of contract claim.  He also argued generally that the “underlying
documents in Unifund’s Motion for Summary Judgment
are simply not trustworthy.”  He further
argued that Blanton’s affidavit “raises doubts and questions as to his
credibility which must be decided by the trier-of-fact.”  Rogers attached to his motion copies of two
sets of interrogatories he had propounded and sent to Unifund.  He also attached copies of the bills of sale
and assignments from Chase Bank USA, NA (“Chase Bank”) to Unifund
Portfolio A, LLC, and then to Unifund; a copy of the
credit card agreement; and evidence of his residence in Fort Bend County.

On November 29, 2010, the trial court signed its final
summary judgment determining that it had jurisdiction over the case, granting Unifund’s motion for summary judgment, and ordering that Unifund recover $32,835.16 from Rogers, constituting
principal and interest on the account, plus pre- and post-judgment interest,
and attorney’s fees.

                                                                                                                                                                       
Standing

In his first issue, Rogers argues that Unifund
lacked standing to bring suit on the debt at issue.  Specifically, he argues that the record does
not contain any evidence that the account was assigned from Bank One, the
original issuer of the account, to Chase Bank, which eventually assigned it to Unifund.

A.              
Standard of Review

“Standing is implicit in the concept of subject matter jurisdiction,”
which is never presumed, cannot be waived, and may be raised for the first time
on appeal.  Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443–45 (Tex. 1993); Scarbrough v. Metro. Transit Auth. of Harris Cnty., 326 S.W.3d 324, 331
(Tex. App.—Houston [1st Dist.] 2010, pet. denied).  Whether the trial court has subject matter
jurisdiction is a question of law that we review de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004); Scarbrough,
326 S.W.3d at 331.  Because
standing is a component of subject matter jurisdiction, courts consider
standing under the same standard by which they review subject matter
jurisdiction generally.  Tex. Ass’n of Bus.,
852 S.W.2d at 446. 
“That standard requires the pleader to allege facts that affirmatively
demonstrate the court’s jurisdiction to hear the cause.”  Id.; Richardson v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967).  Standing focuses on who may bring an
action.  M.D. Anderson Cancer Ctr. v. Novak, 52
S.W.3d 704, 708 (Tex. 2001).  As a
general matter, unless standing is conferred by a statute, a plaintiff must demonstrate
that he possesses an interest in the controversy distinct from the general
public such that the defendant’s actions have caused him some particular
injury.  Williams v. Lara, 52 S.W.3d 171, 178
(Tex. 2001).  Without a breach of
a legal right belonging to himself, a plaintiff has no
standing to litigate.  See Nobles v. Marcus, 533 S.W.2d 923,
927 (Tex. 1976); Robinson v. Neeley, 192 S.W.3d 904, 907 (Tex. App.—Dallas 2006, no
pet.).

          When jurisdictional facts are
challenged, as here, the courts consider relevant evidence submitted by the
parties when necessary to resolve the jurisdictional issues raised.  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000); Scarbrough, 326 S.W.2d at 331.  As with a summary judgment, the court takes
as true all evidence favorable to the nonmovant and
indulges every reasonable inference and resolves any doubts in the nonmovant’s favor.  Miranda, 133 S.W.3d at
228; Scarbrough,
326 S.W.3d at 331.  If the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, the court rules on the jurisdictional issue as a matter of law.  Miranda,
133 S.W.3d at 228; Scarbrough, 326 S.W.3d at
331.  

In order to
establish standing to maintain a breach of contract action, a plaintiff must show
either third-party-beneficiary status or privity.  OAIC
Commercial Assets, L.L.C. v. Stonegate Vill., L.P., 234 S.W.3d 726, 738 (Tex. App.—Dallas
2007, pet. denied).  Privity
in this context is established by proof that the defendant was a party to an
enforceable contract with either the plaintiff or a party who assigned its
cause of action to the plaintiff.  Id. 

B.              
Analysis

Unifund’s original pleading
alleged that Bank One had advanced credit to Rogers under a credit agreement
and that Unifund was the assignee of that credit
agreement.  Unifund
subsequently moved for summary judgment on its claims.  As part of its summary judgment evidence, Unifund provided documents detailing the ownership of the
account at issue.  Specifically, it filed
the bill of sale and assignment of the account from Chase Bank to Unifund Portfolio A, LLC, which then assigned the account
to Unifund.  It
also included the affidavit of Chris Blanton, legal liaison for Unifund, who averred that, prior to those assignments, Chase Bank was the successor by merger of Bank
One, the original issuer of the credit account.

Unifund also included copies of
the official records of the Federal Deposit Insurance Corporation (“FDIC”), the
history of Chase Bank under seal of the National Information Center, and the
Certificate of the Corporate Secretary of Chase Bank, showing the history of
Bank One, now known as Chase Bank.  These
documents show that Bank One, Arizona, NA was acquired by Bank One, NA; that
Bank One, NA was subsequently acquired by JPMorgan Chase Bank, NA (“JPMC”);
that, once acquired by JPMC, Bank One, NA merged into JPMC’s credit card bank
subsidiary, Chase Manhattan Bank USA, NA; and that Chase Manhattan Bank USA, NA
changed its name to Chase Bank USA, NA.

Thus, Unifund
met its burden to plead facts establishing its standing to bring this case by
asserting that it was the assignee of the debt. 
See Tex. Ass’n of Bus., 852 S.W.2d at 446.  The summary judgment evidence presented by Unifund established that it had standing to bring its
breach of contract claim because Rogers was a party to a contract with
Bank One, which, through a series of mergers and assignments, assigned its interest
in the contract to Unifund.  See OAIC
Commercial Assets, 234 S.W.3d at 738; see
also Blue, 34 S.W.3d at 554 (holding that courts may consider
relevant evidence submitted by parties when necessary to resolve challenges to
jurisdictional facts).  

Rogers
argues on appeal there is no evidence that his debt was ever transferred to Unifund
because the transfers from Chase Bank to Unifund
Portfolio A, LLC and then to Unifund itself were
established only by the bills of sale, which were missing the attached exhibits
showing the exact accounts transferred. 
However, this is a misrepresentation of the record.  Along with the bills of sale, Unifund attached redacted information from the electronic
file of accounts and receivables transferred pursuant to the assignment and
bill of sale which established that Rogers’ account was included in the
portfolio transferred to Unifund.

Furthermore, contrary to Rogers’
contention, Blanton’s affidavit is
competent summary judgment evidence.[2]  Blanton’s affidavit was based on personal
knowledge he derived from his work for Unifund; it
set forth facts that would be admissible in evidence, such as Rogers’ name,
account number, the balance on the account, and the transactions that led to Unifund’s ownership of the debt; and it showed
affirmatively that Blanton was competent to testify to the matters asserted.  See Tex. R. Civ. P. 166a(f);
see also Simien
v. Unifund CCR Partners, 321 S.W.3d 235, 240–43
(Tex. App.—Houston [1st Dist.] 2010, no pet.) (discussing predicate for
admission of business records, including form of business records affidavit;
holding that affidavit was sufficient to show admissibility of business
records); Winchek v. Am. Express Travel Related Servs., Co., 232 S.W.3d 197, 206 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (holding business records
affidavit was made on personal knowledge and provided underlying facts to
support conclusions and, thus, constituted competent summary judgment proof).

The record
contains no evidence disputing the jurisdictional facts set out by Unifund or raising a fact issue on
the question of Unifund’s standing.  Thus, we conclude that Unifund
had standing to bring this case.  See Miranda, 133 S.W.3d at 228 (holding
that court may rule on jurisdictional issue as matter of law if relevant
evidence is undisputed or fails to raise fact question on jurisdictional
issue).  

We overrule Rogers’ first issue.

                                                                                                       
Breach of Contract Summary Judgment

In his second issue, Rogers argues that Unifund failed to establish all elements of its breach of
contract claim as a matter of law and that some genuine issues of material fact
remain, precluding summary judgment.

A.              
Standard of Review

We review de novo the trial court’s ruling on a summary
judgment motion.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  To prevail on a
traditional summary judgment motion, a movant has the burden of proving that it
is entitled to judgment as a matter of law and that no genuine issues of
material fact exist.  Tex. R. Civ. P. 166a(c); Little
v. Tex. Dep’t of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004).  A party moving for summary judgment on its
own claim must conclusively prove all essential elements of the claim.  Tex.
R. Civ. P. 166a(a); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v. Wilson, 168 S.W.3d
802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to
the nonmovant to raise a genuine issue of material
fact precluding summary judgment.  See Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995).  To determine if the nonmovant has raised a fact issue, we review the evidence
in the light most favorable to the nonmovant,
crediting favorable evidence if a reasonable factfinder
could do so, and disregarding contrary evidence unless a reasonable factfinder could not. 
See Fielding, 289 S.W.3d at 848.  We
indulge every reasonable inference and any doubts must be resolved in the nonmovant’s favor.  See Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002).  When the trial court’s summary judgment does
not state the basis for the court’s decision, we must uphold the judgment if
any of the theories advanced in the motion are meritorious.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
216 (Tex. 2003).

To prevail on a breach of contract claim, a plaintiff must
prove the following essential elements: (1) the existence of a valid contract,
(2) performance or tendered performance by the plaintiff, (3) breach of the
contract by the defendant, and (4) damages sustained as a result of the
breach.  Winchek, 232
S.W.3d at 202.

B.              
Analysis

Rogers argues that a genuine issue of material fact exists
with regard to each element of Unifund’s breach of
contract claim.

1.                
Existence
of a Valid Contract

Parties form a binding contract when the following
elements are present: (1) an offer, (2) an acceptance in strict compliance
with the terms of the offer, (3) meeting of the minds, (4) each party’s
consent to the terms, and (5) execution and delivery of the contract with the
intent that it be mutual and binding.  Id. at 202.  To be enforceable, a contract must be
sufficiently certain to enable a court to determine the rights and
responsibilities of the parties.  Id. (citing T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex.
1992)). 

Unifund provided account
statements and account terms and conditions showing that Bank One and its
successors extended credit to Rogers and that he used the credit account.  Thus, Unifund
presented evidence of an offer, Rogers’ acceptance of the terms of the offer, a
meeting of the minds and consent to the essential terms, and execution and
delivery of the contract with the intent that it be mutual and binding.  See id.
at 204 (stating that delivery is shown when parties manifest intent through
their actions and words that contract become effective) (citing Hay v. Citibank (S.D.) N.A., No.
14-04-01131-CV, 2006 WL 2620089, at *3 (Tex. App.—Houston [14th Dist.] Sept. 14, 2006, no pet.) (mem. op.) (holding that use
of credit card and payments to account demonstrate existence of
contract)).  Furthermore, as we have
already stated, Unifund presented competent summary
judgment evidence that it was the owner of the debt and was the eventual
assignee of Bank One and its successors.

Rogers argues that
Unifund’s evidence was insufficient to show a meeting
of the minds regarding the applicable interest rate or its method of
calculation.  See Williams v. Unifund CCR Partners, 264
S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that evidence was insufficient to establish terms of
contract as matter of law because Unifund did not
produce any document that established the agreed terms).  Here, Unifund
produced the credit card agreement explaining the applicable interest rates and
the methods for calculating interest and fees. 
Although it is true that this document does not contain Rogers’
signature and that it is not the original agreement with Bank One, Rogers
demonstrated his acceptance of these terms by his continued use of the credit
card, as evidenced by the account statements. 
See DeClaire
v. G & B McIntosh Family Ltd. P’ship, 260
S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (stating
that contract can be effective if signed by only one party if other party
accepts it by his acts, conduct, or acquiescence in terms of contract).

2.                
Performance
and Breach

To prove an action for breach of contract, a plaintiff
must also establish that it performed or tendered performance of its
contractual obligations.  See Winchek, 232 S.W.3d at 202. 
Here, Unifund provided evidence in the form of
account statements that Rogers used the extended credit to purchase goods and
services and that he breached his obligation to pay for all charges to the
account.  Unifund
also provided Blanton’s affidavit, which stated that Rogers’ account was owned
by Unifund, that it was overdue in the amount of $32,835.16,
and that the records of Rogers’ account did not contain any objections to the
charges or balance.  See id. at 202 (providing that plaintiff
must establish its performance and defendant’s breach of its obligation to
prevail on breach of contract claim).  Thus,
we conclude that Unifund established its performance
and Rogers’ breach as a matter of law.

3.                
Damages

Finally, to prevail on its breach of contract claim, Unifund had to establish that it was damaged by Rogers’
breach of the credit card agreement.  See id. 
Unifund provided evidence in the form of the account
statements reflecting that Rogers owed $23,068.07 as principal and $4,623.70 as
interest at the time Unifund acquired the debt, and
it provided Blanton’s affidavit establishing that, at the time Unifund moved for summary judgment, Rogers’ account was
past due in the amount of $32,835.16 and that the account continued to accrue
interest at a rate of 5%.  Rogers argues
that the amount referenced by Blanton in his affidavit is inconsistent with the
amount indicated in the account statements. 
However, Blanton obtained his figures by adding the total account
balance at the time Unifund acquired the debt and
adding the 5% interest that had continued to accrue during the intervening
time.

Thus, we conclude that Unifund
established its damages as a matter of law.  The summary judgment evidence supported the
trial court’s judgment that Unifund was entitled to
recover $32,835.16 from Rogers, constituting principal and interest on the
account, plus pre- and post-judgment interest, and attorney’s fees.

We overrule Rogers’ second issue.

Because we conclude that the trial court properly granted
summary judgment based on Unifund’s breach of
contract claim, we need not address Rogers’ third issue, arguing that Unifund failed to establish the essential elements of its
account stated claim as a matter of law.  See
Knott, 128 S.W.3d at 216.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]           Rogers does not re-urge this argument
as a ground for error on appeal.





[2]           We note that, because Rogers did not
make any objections to Unifund’s summary judgment
evidence, on appeal we may consider his objections to Blanton’s affidavit only to
the extent he is raising a substantive defect—i.e., that Blanton’s affidavit
was conclusory or unsupported by facts.  See
Green v. Indust. Specialty Contractors,
Inc., 1 S.W.3d 126, 130 (Tex. App.—Houston [1st
Dist.] 1999, no pet.) (stating that
objection that affidavit states only legal conclusion is objection to substance
and may be raised for first time on appeal). 
Defects in the form of the affidavit or its attachments must be
preserved by an objection in the trial court. 
See Tex. R. Civ. P. 166a(f); Grand Prairie Indep.
Sch. Dist. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990) (holding that
failure to affirmatively show that affiant had personal knowledge is defect in
form that must be preserved in trial court); Green, 1 S.W.3d at 130 (“An objection that an affidavit contains
statements of opinion or hearsay is an objection to the form of the
affidavit.”).