Opinion issued June 7, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-01101-CV

———————————

Ronald R. Wright, Appellant

V.

Larry D.
Young, Appellee



 



 

On Appeal from the 281st District Court 

Harris County, Texas



Trial Court Case No. 1026941

 



 

 

MEMORANDUM OPINION

Ronald
Wright appeals from the trial court’s summary judgment in favor of Larry Young
on Young’s claim for breach of a settlement agreement.  Wright contends that the trial court erred in
granting summary judgment because Young did not conclusively prove the amount
of damages caused by Wright’s breach of contract.  Finding no error, we affirm.

Background

In 2010, Young and Wright settled a dispute over Wright’s
purchase of Young’s ownership interest in Wright & Young, LLC, a business that operates car care facilities.  Pursuant to their settlement agreement,
Wright was required to make monthly payments to Young, with a final balloon
payment due February 2011.  The parties
later amended the agreement to provide for payment in full by March 2011.  After Wright failed to make payments in
accord with the terms of the settlement agreement, Young sued for breach of
contract.  Wright generally denied the claims
and raised the affirmative defense of accord and satisfaction. 

In July 2011, Young moved for a traditional summary judgment,
contending that the evidence conclusively established each element of his
breach of contract claim.  Young’s
summary judgment motion also claimed that Wright could not prove his
affirmative defense of accord and satisfaction. In support, Young included his
sworn affidavit, the settlement agreement, record excerpts, and checks drawn on
Wright’s bank account, which the bank had returned for insufficient funds.   

Wright responded that a fact issue existed with respect to
the amount due under the settlement agreement. 
Wright claimed that Young had sold a Pasadena car-care store owned by
Wright & Young, LLC and had not credited the sale proceeds against the
amount Wright owed him, as the settlement agreement required.  Wright proffered his sworn affidavit, in
which he averred “I understand that [Young] sold the store for $200,000 with a
lease/purchase option.”  

In reply, Young offered a copy of the purchase and sale
agreement for the disputed property into the summary judgment record.  The contract reveals that the buyer paid no
money to Young, but assumed payment of outstanding liens and discharged Wright
& Young’s debt to secured lien holders on the property.  Though the trial court left the record open
for supplementation of the summary judgment evidence, Wright offered nothing
further. 

Discussion

Wright contends that the trial court erred in rendering
summary judgment in favor of Young on his breach of contract claim, because his
affidavit questioning the Pasadena sale raises a fact issue about the amount
owed under the settlement agreement.  

Standard of Review

A plaintiff moving for summary judgment must conclusively
prove all essential elements of its claim.  See Tex. R. Civ. P. 166a(a),(c);
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).  We review de novo the trial
court’s ruling on a motion for summary judgment.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009); Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and
indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  Dorsett, 164 S.W.3d at
661; Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Under Texas Rule of Civil Procedure 166a(c),
the party moving for summary judgment bears the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c);
Knott, 128 S.W.3d at 215–16.

Breach of Contract

To be entitled to summary judgment on his breach of contract
claim, Young was required to prove, as a matter of law, the essential elements
of breach of contract: (1) the existence of a valid contract; (2) performance
or tendered performance by the plaintiff; (3) breach of contract by the
defendant; and (4) damages sustained as a result of the breach.  Simien v. Unifund CCR
Partners, 321 S.W.3d 235, 247 (Tex. App.—Houston [1st Dist.] 2010, no pet.); Williams v. Unifund
CCR Partners, 264 S.W.3d 231, 235–36 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Young established that he was damaged by Wright’s breach of
the settlement agreement.  The settlement
agreement required Wright to pay $5,000 monthly for five months, and to remit a
final balloon payment of $115,000.  Young
introduced returned checks drawn on Wright’s bank account to the order of Larry
Young.  Young averred that Wright had not
paid any of the money he promised to pay under the original settlement
agreement or the revised settlement agreement, and that Wright owed him
the full amount due under the terms of the settlement—$140,000.  

In response, Wright contends that his affidavit proves that
Young sold a store and that the “information available” to Wright “evidenced a
sale for $200,000,” thus entitling him to a
credit.  He does not contend that the
settlement agreement entitles him to a credit for a third party’s assumption of
debt.  Neither does the settlement
agreement provide for a credit for a sale of the business to a third party—whether for cash or for assumption of
a debt.  Rather, the settlement agreement
unconditionally requires cash payments. 
Given the terms of the settlement agreement, Wright’s speculative
understanding—without
any further factual support—about the Pasadena sale fails to demonstrate a factual
dispute as to the amount of damage he owes for his breach of the settlement
agreement.  See Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) (conclusory
statement in affidavit insufficient to raise fact issue in response to motion
for summary judgment).  We
therefore hold that the trial court properly granted summary judgment.

Conclusion

We hold that Young established his damages as a matter of law,
and the summary judgment evidence supports the trial court’s judgment that Young
is entitled to recover $140,000 for the amounts due and owing under the
parties’ settlement agreement, plus interest, and attorney’s fees.  We therefore affirm the judgment of the trial
court.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.