**G4 TRADING, INC., Appellant,**

v.

**NATIONSBANK OF TEXAS, N.A., Appellee.**

No. 01–95–00909–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1996.

**138**

Ronald J. Waska, Houston, for Appellant.

Eric Lipper, Houston, for Appellee.

Before HUTSON–DUNN, WILSON and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, G4 Trading, Inc. (G4), sued NationsBank of Texas, N.A. (NationsBank) for breach of contract. The jury returned a verdict in favor of NationsBank, and the trial court entered judgment accordingly. We affirm.

## BACKGROUND

G4 is a customer of NationsBank. David Le, president of G4, went to his local NationsBank branch to wire funds from G4's account at NationsBank to the account of Industrial D'Urda S.A. de C.V. (Industrial D'Urda). The funds transfer represented partial payment on a contract between G4 and Industrial D'Urda.

When he entered the bank, Le carried with him a set of typed instructions regarding the transfer. The instructions read—

Wire Transfer Instructions

| | |
|---|---|
| Amount: | US$166,400.00 |
| Debit Account: | 2661161694 |
| Bank's Name: | Morgan Guarantee Bank & Trust Company, New York, New York |
| ABA Routing No.: | 021000238 |
| Account No.: | 047–32996 |
| Recipient: | Industrial D'Urda S.A. de C.V. |
| For Further Credit: | 087–3546–1–4–210 |
| Attention: | Daniel Rivero Correa |
| Remarks: | this wire-transfer represents the advance payment from Texas Supply of 50% of total payment for PO# 717–49DF–11 (49, 80, 72, 39, 23). |

Le gave these instructions to Ms. Grant, an employee of NationsBank. Grant used Le's instructions to type a wire transfer authorization form. Upon completing the form, Grant handed it to Le for verification; Le signed the typed authorization form and returned it to Grant. The typed form contained the following information—

*Wire Transfer Instructions*

| | |
|---|---|
| Wire Amount(US$): | 166,400.00 |
| Currency Type: | U.S. Dollars |
| Account Number to Debit: | 2661161694 |
| Name: | G4 Trading, Inc. |

*Wire To*

| | |
|---|---|
| DDA# : | 021000238 |
| Bank Name: | Morgan Guarantee & Trust Co. |
| Address: | New York, New York |
| City, State: | New York, New York |

*For Credit To*

| | |
|---|---|
| Bank/Customer Name: | Industrial D'Urda S.A. de C.V. |
| Account Number: | 087–3546–1–4–210 |
| Special Instructions: | Attention Daniel Rivero Correa; this wire transfer represents the advance Payment for Texas Supply of 50% of total payment for PO# 717–49DF–11 (49, 80, 72, 39, 23). |

When preparing the typed NationsBank form, Grant failed to include the 047–32996 account number (the 047 account) detailed on Le's instructions and instead listed the 087–3546–1–4–210 "for further credit" (FFC) number (the 087 account) as the wire destination account at Morgan.[1]

After preparing the typed form and obtaining Le's approval, Grant entered into a NationsBank computer the instructions to wire US$166,400.00 from G4's account at NationsBank (2661161694) to Morgan Guarantee Bank & Trust Co. (Morgan) for further credit to the account of Industrial D'Urda (087–3546–1–4–210). Grant gave Le a copy of a computer print-out confirming the input of the instructions and Le left the bank.

Approximately two hours later, Grant learned that the wire had not gone through and that Morgan did not have an 087 account number. Grant retrieved Le's written instructions from her files and realized that she had mistakenly entered on the typed authorization form the 087 FFC number in place of the 047 account number. With the help of another NationsBank employee, Ms. Janet Meissner, Grant corrected the wire instructions to reflect the 047 account number listed on the written instructions Le had left with her. This time, the wire transfer went through to Morgan.

Approximately one month later, Le learned that Industrial D'Urda never received the transferred funds.

## DISCUSSION

In its first point of error, G4 challenges both the legal and factual sufficiency of the evidence to support the jury's finding that G4 provided written authorization to NationsBank to amend the wire transfer order. In its last two points of error, G4 argues that the trial court erred in excluding evidence and limiting cross-examination.

1. Morgan did not have an 087 account number; only the 047 account was a Morgan account. The 047 account at Morgan belonged to Oppenheimer, another bank. Oppenheimer had the 047 account at Morgan for the purpose of receiving wire transfers. Once the funds arrived in the 047 account, Morgan's job was complete.

### *Sufficiency of the Evidence*

■ G4 challenges both the legal and factual sufficiency of the evidence to support the jury's conclusion that G4 provided written authorization to NationsBank to amend the wire transfer order. We address G4's legal sufficiency argument first. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex. 1981); *Neese v. Dietz,* 845 S.W.2d 311, 312 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

The specific jury finding of which G4 complains is presented in question number one of the jury charge:

Did Defendant NATIONS BANK fail to comply with Plaintiff's written authorization in making the wire transfer in question?

"Written authorization" means written instructions given to Defendant NATIONS BANK by Plaintiff together with a manifestation that Plaintiff intended NATIONS BANK to act upon the instructions.

A bank making wire transfers is entitled to rely on account numbers and is not required to verify names on accounts.

The jury answered, "No."

### *Legal Sufficiency*

■ When a party mounts a legal sufficiency challenge to an adverse fact finding by a jury, the party must show (i) no evidence supports the jury's failure to find, and (ii) the evidence establishes the desired finding as a matter of law. *Ramsey v. Lucky Stores, Inc.,* 853 S.W.2d 623, 632 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

In answering the court's charge in the negative, the jury necessarily found that Le, acting on behalf of G4, provided written instructions to NationsBank with the intention that NationsBank act on those instructions in

The "for further credit" (FFC) designation accompanying the 087 account was an instruction from G4 to Oppenheimer. Once the transferred funds arrive in Oppenheimer's 047 wire account, the FFC instruction directed Oppenheimer to credit those funds to a specific Oppenheimer client—the holder of the 087 account.

executing the wire transfer. There is ample evidence to support that conclusion.

The testimony heard by the jury is replete with references to the "written instructions" Le carried with him to the bank and subsequently left with Ms. Grant, the NationsBank employee who executed G4's wire transfer.

Mr. Le testified that he understood NationsBank's policy to be that "they will do the fund transfer for you if you give them the written authorization to make such transfers." G4 contends on appeal that the written authorization relied upon by NationsBank—the notes Le brought to the bank and left with Grant—was not signed. However, the definition of "written authorization" recited in the court's charge did not require a signature.[2] Le further testified that, although "I did not *deliver* another document[,] I may have *left* [written instructions other than the signed transfer authorization form] there." (Emphasis added.) In fact, Le later testified that he took his written instructions to the bank and referred to them to complete the NationsBank wire transfer authorization form. Le commented that it was possible he left those instructions with Ms. Grant; he could not recall taking them with him when he left the bank. Le's "intention was to wire money to Industrial D'Urda [the ultimate beneficiary of the wire transfer]" without regard to the specific bank at which their account existed.

Ms. Grant testified that it was common for customers to bring detailed written instructions with them to the bank and NationsBank would "go by" those instructions in executing the wire transfer; she and the customer would refer to those notes to complete the authorization form. Grant added that, upon being notified that the original authorization form lacked the 047 pass-through account number, she referred to the written instructions Le had left at the bank to remedy the problem and resubmit the wire transfer—ultimately transferring the funds to the 087 account listed in Le's written instructions.

This Court cannot conclude that there is no evidence to support the jury's failure to find in favor of G4. There is ample evidence from which the jury could have concluded that G4—through Le—provided written authorization to NationsBank to transfer the money to the 087 account.

### Factual Sufficiency

■ In ruling on a factual sufficiency point, this Court must examine all of the evidence and will set aside the verdict only if the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Hollander v. Capon*, 853 S.W.2d 723, 726 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

We note again that the testimony of all witnesses—Le and the NationsBank employees—is littered with references to the written instructions provided by Le. Le testified that he may have left those instructions at NationsBank after signing the bank's transfer authorization form. Ms. Grant testified that she had Le's handwritten instructions in her files and they would not have been there had Le not left them with her. In light of the evidence presented, the jury found that Le provided written authorization to NationsBank to transfer the funds from G4's account to the 087 account. Dispensing with a detailed recapitulation of the testimony chronicled above, we find that the jury's finding is not against the great weight and preponderance of the evidence—as varied as that evidence may be.

G4's first point of error is overruled.

### Exclusion of Evidence

■ In its second and third points of error, G4 complains that the trial court erred in excluding evidence and limiting cross-examination of NationsBank employees regarding the bank's procedures to authorize and amend wire transfer orders.

---

2. G4 objected to question one of the court's charge on the grounds that it was unclear whether "written" included "typed" or was limited in meaning to "hand written." G4 did not, however, lodge an objection on the basis that the charge, as submitted to the jury, did not require an "authorization" to be signed.

The exclusion of evidence is committed to the trial court's sound discretion. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). For the exclusion of evidence to constitute reversible error, the complaining party must show that (i) the trial court erred, and (ii) the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. TEX. R.APP.P. 81(b)(1); *McCraw v. Maris,* 828 S.W.2d 756, 757 (Tex.1992); *Marcuz v. Marcuz,* 857 S.W.2d 623, 625 (Tex.App.—Houston [1st Dist.] 1993, no writ). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded. *Alvarado,* 897 S.W.2d at 753–54.

The central issue—in fact, the only issue—relevant to the jury's decision was whether G4 provided NationsBank with written authorization to execute the wire transfer from G4's account to the 087 account. The jury answered that inquiry in the affirmative, and the evidence supports that finding.

The trial court's charge defined "written authorization" for the jury. That definition did not require that G4's instructions be signed, only that the instructions be written and that G4 intend NationsBank to act upon those instructions. G4 did not object to the omission of a signature requirement from the charge, nor does it attempt to argue here that the charge was defective in that respect.

G4 argues—and the record reflects—that the excluded evidence indicated that NationsBank's own policies might have required a signed, written authorization form before a transfer could be executed. However, once the jury's inquiry was reduced to the narrow question recited in the charge, the excluded evidence of NationsBank's policies was irrelevant. Therefore, the trial court did not err in excluding it.

G4's second and third points of error are overruled.

The judgment of the trial court is affirmed.