**Opinion issued November 29, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00887-CV

———————————

**WILLIAM EDWARD BATY AND MELODY PRATHER, Appellants**

**V.**

**MOREQUITY, INC., Appellee**

---

**On Appeal from the County Civil Court at Law Number Four**
**Harris County, Texas**
**Trial Court Case No. 995238**

---

## MEMORANDUM OPINION

Following a nonjudicial foreclosure sale, Appellee MorEquity, Inc. brought

a forcible detainer action in justice court seeking possession of property located at

26318 Watercypress Court, Cypress, Texas 77433. The justice court entered a

judgment in favor of MorEquity and against the property's occupants, appellants William Edward Baty and Melody Prather. On de novo review, the County Civil Court of Law Number Four awarded MorEquity a writ of possession.

Appellants William Edward Baty and Melody Prather appeal the county court's judgment, contending that (1) they were entitled to, but did not receive, 30 days' written notice to vacate; (2) the trial court erred in admitting Plaintiff's Exhibit 3, comprised of a business records affidavit, the notice to vacate, and certified mail receipt, over their hearsay objection; and (3) the trial court erred in excluding appellant Baty's testimony about whether appellants received notice to vacate.

MorEquity counters that (1) appellants were entitled to 3 days' notice, not 30 days; (2) MorEquity's Exhibit 3 was properly admitted as a business record; and (3) the trial court did not abuse its discretion in refusing to hear Baty's testimony about notice. We affirm.

## BACKGROUND

On December 9, 2005, appellants signed a deed of trust granting Mortgage Electronic Registration Systems, Inc. a first lien security interest in the property located at 26318 Watercypress Court, Cypress, Texas 77433. Section 22 of the deed of trust provided that in the event of a foreclosure sale, the borrowers would surrender possession of the property:

2

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Appellants defaulted on the note and the property was sold to MorEquity through a non-judicial foreclosure sale. Because appellants did not immediately surrender the property, they became tenants at sufferance under the terms of the deed.

On April 18, 2011, MorEquity, through its attorneys, sent appellants a written notice to vacate. MorEquity filed a forcible detainer action against appellants in justice court, and, on June 14, 2011, the justice court entered a judgment of possession for MorEquity. Appellants appealed to the County Court at Law Number Four. During the bench trial, the court admitted three documents in evidence: (1) a copy of the notarized Substitute Trustee's Deed, (2) a certified copy of the Deed of Trust, and (3) a business records affidavit authenticating the April 18, 2011 notice to vacate and a photocopy of the certified mail receipt. The business records affidavit was signed by Karl Terwilliger, Operations Manager and custodian of records at the law firm representing MorEquity in the case, McCarthy, Holthus & Ackerman, LLP (hereinafter "MHA"). At the conclusion of the trial, the county court entered judgment for MorEquity.

3

**Lack of Notice**

In Appellants' first issue, they contend that section 24.005 of the Texas Property Code entitles them to 30 days' written notice to vacate prior to the filing of a forcible detainer action and that MorEquity failed to provide them with that required 30 days' notice. Appellee MorEquity argues section 24.005 only entitles appellants to 3 days' notice.

### A. Standard of Review

Statutory construction is a legal question that appellate courts review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). The reviewing court will try to determine and give effect to the Legislature's intent. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). In so doing, we look first to the "plain and common meaning" of the statute's words, and if the statute is unambiguous, we will adopt the interpretation supported by the plain meaning of the statutory language. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). We determine the meaning of the statute from its whole, not from isolated portions. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

### B. Analysis

Section 24.005(b) provides in part:

> If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the

landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease.

TEX. PROP. CODE ANN. § 24.005(b) (Vernon 2000). Appellants argue that this section entitles them to 30 days' notice because of their uncontested status as tenants at sufferance. However, the first sentence of section 24.005(b), which requires 3 days' notice, is the one applicable to appellants as tenants at sufferance. *Weatherbee v. GMAC Mortg., LLC*, No. 01–11–00546–CV, 2012 WL 1454494, at *2 (Tex. App.—Houston [1st Dist.] Apr. 26, 2012, pet. filed) (mem. op.) ("Under Texas Property Code section 24.005, the landlord must give a tenant at sufferance at least three days' written notice to vacate before the landlord files a forcible detainer action."). The second sentence of section 24.005(b) does not apply to appellants, but guarantees 30 days' notice to vacate to tenants under a lease following foreclosure of the leased property, as long as the tenants are not in default on their lease. *See Russell v. Am. Real Estate Corp.*, 89 S.W.3d 204, 208 (Tex. App.—Corpus Christi 2002, no pet.). Appellants were not tenants under a lease. Accordingly, appellants were only entitled to 3 days' notice to vacate. We thus overrule Appellants' first issue.

5

**Admission of Business Records Affidavit**

Appellants contend in their second issue that the trial court abused its discretion in admitting Plaintiff's Exhibit 3, which consists of a business records affidavit made by the custodian of records at MHA, the notice to vacate, and the certified mail receipt. Specifically, appellants argue that a business records affidavit itself is inadmissible hearsay, that the affidavit does not fully comply with Texas Rule of Evidence 902(10)(b) because the affidavit does not state that the affiant is "of sound mind," and that the affiant as an employee of MHA cannot attest to records that were kept by MorEquity or to certified mail receipts created by the United States Postal Service.

**A. Standard of Review**

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 317 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

6

## B. Business Records

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Rule 803(6) provides an exception from the rule excluding hearsay for business records

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX. R. EVID. 803(6). The witness does not need to have personal knowledge of the facts contained within the business records; the witness need only have personal knowledge of how the records were prepared, in order to be able to attest to the conditions laid out in Rule 803(6). *See* TEX. R. EVID. 902(10)(a); *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App—Hous. [14th Dist.] 2006, pet. denied).

## C. Analysis

It is well established that business records affidavits may be admitted along with the records themselves, as long as the requirements of Rules 803(6) and 902(10) are satisfied. *See, e.g.*, *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240, 245 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (finding affidavit properly admitted along with business records); *Fullick v. City of Baytown*, 820 S.W.2d 943,

7

944 (Tex. App.—Houston [1st Dist.] 1991, no writ). Appellant cannot contest the admission of the affidavit as inadmissible hearsay without some evidence that the affidavit is not in compliance with rules 803(6) and 902(10).

### 1. Requirements of Rule 902(10)

Rule 902(10) provides a form for the affidavit, which includes the following language: "My name is ___, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated." TEX. R. EVID. 902(10)(b). Rule 902(10) also states "this form shall not be exclusive, and an affidavit which substantially complies with the provisions of this rule shall suffice." *Id.*; *see also Simien*, 321 S.W.3d at 240. A business records affidavit need not recite the exact words of Rule 902(10)(b). *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 360–61 (Tex. App.—Dallas 2007, pet. denied).

The equivalent portion of the affidavit in the instant case reads: "My name is Karl Terwilliger, I am over the age of eighteen (18) years, have never been convicted of a felony, and have personal knowledge of the facts contained in this Affidavit and that they are true and correct." This language substantially complies both in substance and in form with Rule 902(10). Because there is no requirement that an affidavit track the exact language in Rule 902(10)(b), the affidavit is not inadmissible for failure to include the specific words "of sound mind."

## 2. Business Records of a Third Party

"A document authored or created by a third party may be admissible as business records of a different business if: (a) the document is incorporated and kept in the course of the testifying witness's business; (b) that business typically relies upon the accuracy of the contents of the document; and (c) the circumstances otherwise indicate the trustworthiness of the document." *Simien*, 321 S.W.3d at 240–41 (citing *Bell v. State*, 176 S.W.3d 90, 92 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)).

Terwilliger testified that the records were kept by MHA in the file according to MHA's regular course of business. In *Rodriguez v. Citimortgage, Inc.*, the court held that an employee of Citimortgage's law firm who had custody of all records related to the suit, including documents obtained from and kept by Citimortgage in its regular course of business, could properly attest to the documents obtained from Citimortgage, as well as the certified mail receipt, as business records. No. 03–10–00093–CV, 2011 WL 182122, at *5 (Tex. App.—Austin Jan 6, 2011, no pet.) (mem. op.) (citing *Simien*, 321 S.W.3d at 240–45). The trial court did not err in finding case files kept by a law firm to be records kept in the regular course of business.

Terwilliger's affidavit states that he has custody and control of all records in Appellant's file, and further states that he has personal knowledge of the facts

9

contained in the affidavit, including the procedure by which an employee or representative of MHA "with knowledge of the act, event, condition, opinion, or diagnosis recorded [made] the record or [transmitted] information thereof to be included in such record" and that the record was made "at or near the time or reasonably soon thereafter." The affidavit further states that the records attached are "the originals or exact duplicates of the original." *Id.* Thus, as in *Simien*, even though MHA did not itself create part of the records, the trial court could have concluded that appellee reasonably relied on the accuracy of the records in the ordinary course of its business. *See Simien*, 321 S.W.3d at 243 (finding reasonable reliance on accuracy of third-party documents when affiant had reviewed file, was designated agent for file, had personal knowledge of documents, and maintained control and supervision of files).

Finally, the trial judge did not abuse her discretion in finding the circumstances indicated that the documents were trustworthy. *See Fleming v. Fannie Mae*, No. 02–09–00445–CV, 2010 WL 4812983, at *3–4 (Tex. App.—Fort Worth Nov. 4, 2010, no pet.) (mem. op.) (holding circumstances adequately showed trustworthiness of notice to vacate and accompanying business records affidavit, when affidavit was made by paralegal employed by plaintiff's law firm and included substantially same language as affidavit in instant case); *Harris v. State*, 846 S.W.2d 960, 964 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd)

10

(finding manufacturer's certificate of origin admissible as business record attested to by dealership employee); *Rodriguez*, 2011 WL 182122, at *5 (holding certified mail return receipts and notice to vacate admissible in forcible detainer action as business records kept by law firm). Appellants brought forward no reason to question the trustworthiness or authenticity of Plantiff's Exhibit 3. The trial court did not abuse its discretion by admitting Plaintiff's Exhibit 3 into evidence. We overrule Appellants' second issue.

**Exclusion of Evidence**

Appellants, in their third issue, argue that the trial court improperly excluded testimony from appellant Baty concerning whether appellants received the notice to vacate, and that the exclusion of this evidence caused harm to appellants.

### A. Harmless Error Doctrine

"To establish that the trial court's ruling on the admission or exclusion of evidence constitutes reversible error, the party complaining of the ruling must show (1) that the trial court committed error and (2) that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment." *Tex. Dept. of Transp. v. Able*, 981 S.W.2d 765, 770 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 35 S.W.3d 608 (Tex. 2000); TEX. R. APP. P. 44.1(a)(1). If the substance of excluded evidence was placed before the finder of fact in other evidence, no reversible error will exist. *Tex. Dept. of Transp.*, 981 S.W.2d at 770.

Because the exclusion of evidence is committed to the trial court's sound discretion, a successful challenge to a ruling excluding evidence usually requires the complaining party to show that the judgment turns on the evidence excluded. *G4 Trading, Inc. v. NationsBank of Tex., N.A.*, 937 S.W.2d 137, 141 (Tex. App.—Houston [1st Dist.] 1996, no writ). We review the entire record to determine whether the evidence excluded was controlling to the judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

### B. Analysis

Appellants contend that the trial court abused its discretion in excluding testimony in response to the questions from appellants' attorney, "Have you ever received a 30-day notice letter?" and "Have you received any of the notice—any notices whatsoever?" asked of Baty. However, the trial court allowed Baty to answer the question "Did you receive the letter attached as Exhibit 3?" —i.e. the notice to vacate—to which Baty answered "I'm not sure if I did or not. I'm not aware." The court further allowed testimony from Baty that though there was a copy of a card showing that appellants had received Exhibit No. 3, there was no card with Baty's signature on it. Therefore, the court heard and considered appellants' evidence on whether notice to vacate was received by appellants. Baty's answers to the questions to which objections were sustained would have been cumulative evidence.

Because Appellants cannot show harm from any error in the exclusion of evidence, we overrule Appellants' third issue.

## CONCLUSION

We affirm the trial court's judgment.



         Sherry Radack
         Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.