**Opinion issued August 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00568-CV

—————————————

## MARY M. RAWLS, Appellant

## V.

## JEFFREY CLARK RAWLS, Appellee

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-61678**

---

## MEMORANDUM OPINION

When Mary Rawls and Jeffrey Rawls divorced in 2008, their Divorce Decree incorporated their agreement to divide bonus compensation that would be paid to Jeffrey in 2008 and for the following six years. Mary later sued Jeffrey to recover her share of bonus compensation that Jeffrey received from 2008 through

2011. She also brought a bill of review attacking the 2008 Decree and a petition for enforcement, in which she requested that the trial court hold Jeffrey in contempt for violating the Decree by failing to pay Mary her share of his bonus compensation for those years, among other things, and enter an order awarding Mary the withheld money to which she was entitled. The trial court granted Jeffrey's partial motion for summary judgment, held a bench trial on Mary's remaining claims, and then entered a final judgment denying all of Mary's requested relief. In four issues, Mary contends that the trial court's judgment should be reversed. Jeffrey did not file an appellate brief but conceded that "certain procedural issues raised within [Mary's] briefing have merit and that a remand of this case for a new trial as requested by Appellant would be the proper remedy." We affirm the trial court's judgment with respect to Mary's breach of fiduciary duty claim and Counts Two, Seven, and Eight in Mary's enforcement petition. We reverse the judgment in all other respects and remand for a new trial.

## Background

*Collaborative Law Agreement, Settlement Agreement and Divorce Decree*

After Mary filed for divorce, the parties entered into a "Collaborative Law Participation Agreement" on October 23, 2007. Under the collaborative law agreement, both parties agreed to "full disclosure of the nature, extent, value of— and all developments affecting—the parties' income, assets and liabilities." They

2

also agreed that "[a]ny material change in information previously provided must be promptly updated."

The parties entered into a settlement agreement on June 9, 2008 which was incorporated into a Final Decree of Divorce entered on June 16, 2008. The Decree included a section entitled "Allocation of Future Bonuses Anticipated To Be Received by Jeffrey Rawls." It stated that Jeffrey and Mary:

> shall share the net after tax amount of any Bonus Compensation or to be received by Jeffrey Rawls pursuant to his employment as follows: It is the intention of the parties that the bonus received by Jeffrey Rawls in 2008 was shared equally between the parties. Given the timing of this divorce, the 2008 bonus was received and all tax cash proceeds were deposited . . . Additionally, with regards to the 2008 bonus, Jeffrey Rawls is to receive 100% of any Bear Stearns stock.

The Decree stated that Jeffrey and Mary would each receive "50% of the net after tax bonus" for 2009. And for 2010 through 2014, Jeffrey would receive 75% and Mary would receive 25% "of the net after tax bonus."

The Decree defined "Bonus Compensation" as

> [A]ny form of compensation, including but not limited to equity ownership, cash, or stock in excess of Jeffrey Rawls' annual salary-based compensation. Bonus compensation will be determined at that point in time when such compensation is transferred from the employer to Jeffrey Rawls. Bonus compensation may be in the form of cash, stock, or other forms of equity . . . .

The Decree incorporated the parties' agreement and included the following merger clause:

3

The agreements in this Final Decree of Divorce were reached pursuant to the collaborative law process. This Final Decree of Divorce is stipulated to represent a merger of any and all agreements reached between the parties in the collaborative law process. To the extent there exist any differences between the collaborative law agreements and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

*Jeffrey's Job Offer and Job Resignation*

Jeffrey worked for Bear Energy, a subsidiary of Bear Stearns. On April 25, 2008, more than a month before the parties signed the settlement agreement, NGP MR Management, LP offered him a job. The written job offer stated that it would expire on May 2, 2008. Jeffrey resigned from Bear Energy on April 28th, but his contract with Bear Energy prohibited him from taking the NGP job within 90 days of ending his employment with Bear Energy. The summary-judgment evidence showed that Jeffrey asked NGP whether it would hold the offer open until the 90-day waiting period lapsed, and that NGP responded that it could not, but agreed to consider Jeffrey for the job after the 90-day period if the opening had not already been filled. NGP hired Jeffrey on July 28, 2008, 90 days after he resigned from Bear Energy.

*Mary's claims*

In 2011, Mary sued Jeffrey for failing to disclose the NGP job offer to her before the Decree was entered and for failing to share cash bonuses, incentive units in NGP, and SEP IRA contributions, as required by the Decree. Mary requested

4

that the trial court enforce the bonus compensation sharing provision of the Decree, among other things, and hold Jeffrey in contempt.

Nearly a year later, on November 5, 2012, Jeffrey filed a motion seeking partial traditional summary judgment on Mary's breach of contract, breach of fiduciary duty, and fraud claims related to his non-disclosure of the NGP job offer. In it, Jeffrey argued that he was not required by the terms of the Decree to disclose any 2008 bonus compensation he could receive from NGP because he did not know whether he would be hired by NGP at the time.

In response, Mary averred that she and Jeffrey "always intended to share all compensation Jeff received in excess of his annual salary based compensation," and that they "intended to share Jeff's 'bonus compensation equally in 2008 . . . .'" Mary averred that Jeffrey received NGP's employment offer letter during their divorce negotiations and that Jeffrey "never disclosed the existence of this letter or informed [her] of the existence of the promised Incentive Units despite his obligation to disclose this information under the terms of our Collaborative Law Agreement." Mary also averred that:

> [A]fter Jeff received the Offer Letter from NGP, he began making subtle changes to the language of [the bonus-sharing provision in the Decree]. Prior to April 25, 2008, the drafts of the Decree clearly stated that the parties will share all 2008 bonus equally. After April 25, 2008, Jeff changed the decree to say that the 2008 bonus "was" shared equally between the parties. The change made by Jeff was so subtle that I was unable to understand its potential impact on my receipt of additional 2008 Bonus Compensation. Jeff used his

knowledge of the Offer Letter and Incentive Units to try to exclude me from receiving what we agreed.

The trial court granted Jeffrey's motion for summary judgment without specifying its reasons. Mary then amended her enforcement petition to request that the court enforce the bonus-sharing provision of the Decree for the years 2008 through 2011 by ordering Jeffrey to pay her share of bonus compensation for those years.

Jeffrey filed a motion to dismiss, arguing that the summary judgment disposed of all of Mary's claims in her petition for post-divorce division of undisclosed property and all of her claims in her petition for breach of contract, breach of fiduciary duty and fraud, and bill of review. Jeffrey also argued that the summary judgment disposed of most of the counts in Mary's enforcement petition—including Counts One, Three, Four, Five, Nine, and Ten, which were based on Mary's allegations regarding Jeffrey's non-disclosure and her claim that certain items, like incentive units and SEP IRA contributions, were included in the definition of bonus compensation in the Decree. Jeffrey argued that only four counts from the enforcement petition remained after the grant of summary judgment—Counts Two, Six, Seven, and Eight. Count Two alleged that Jeffrey paid the June 2009 alimony payment 30 days late. Count Six alleged that Jeffrey paid Mary only 25% of his 2009 bonus when the Decree obligated him to pay her 50%. Count Seven alleged that Jeffrey failed to execute a special warranty deed

pertaining to the residence granted to Mary by the decree. Count Eight alleged that Jeffrey violated the Decree by failing to timely notify Mary regarding an employment change after the Decree was entered. Jeffrey's motion argued that Mary could not prevail on these four claims and that accordingly, her entire case should be dismissed.

The parties proceeded to a bench trial on February 25, 2013. Mary nonsuited some of her claims but argued that the trial court had not ruled on her claims regarding the division of Jeffrey's bonus compensation for 2008 through 2011. The trial court disagreed, stating that the summary judgment covered those issues. The trial court also agreed with Jeffrey that the summary judgment disposed of all of Mary's claims save for Count Two, Six, Seven, and Eight in the enforcement petition.

Nevertheless, Mary sought to introduce evidence regarding a variety of her enforcement claims, including her claim that Jeffrey did not pay her what she was owed out of his 2009 bonus because he applied the incorrect tax rate. The trial court excluded this evidence on the grounds that the enforcement petition was not specific enough to support a finding of contempt on this claim. Because the trial court would not allow argument or admit evidence relating to some of her enforcement claims, Mary made an offer of proof. Among other things, she presented evidence that she would have testified at trial that the effective tax rate

that should have been applied to the 2009 bonus, based on Jeffrey's tax returns, would have resulted in her receiving an additional $44,338.34 from Jeffrey from the 2009 bonus.

After the trial court heard some evidence regarding the four claims it had determined remained pending (Counts Two, Six, Seven, and Eight), the trial court stated "I'm going to grant the Motion to Dismiss." On April 5, 2013, the trial court signed the Final Judgment, which states that the summary judgment disposed of all of Mary's claims in her petition for breach of contract, breach of fiduciary duty and fraud, and bill of review, all of her claims in her petition for post-divorce division of undisclosed property, and all of her claims in her enforcement petition except for Counts Two, Six, Seven, and Eight. With respect to these four claims, the Final Judgment states that "[t]he Court heard and considered evidence of these remaining counts and after both parties rested, finds that such claims are denied." The judgment also states that Jeffrey's motion to dismiss the claims was granted. The judgment denied all relief sought by Mary, and Mary's motion for new trial was overruled by operation of law.

**Summary Judgment on Claims Relating to 2008 Bonus Compensation**

**A.    Standard of Review**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary

judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). If the defendant conclusively negates at least one element of a cause of action, the burden shifts to the plaintiff to raise a fact issue to preclude summary judgment. *See Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Generally, granting a summary judgment on a claim not addressed in a summary-judgment motion constitutes reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

## B.     Analysis

### 1.     Did the trial court err in granting summary judgment on Mary's claims for breach of contract, breach of fiduciary duty, and fraud?

In her first issue on appeal, Mary contends that the trial court erred in granting summary judgment for Jeffrey on her breach of contract, breach of fiduciary duty, and fraud claims. Those claims were premised on Mary's allegation that Jeffrey had a duty to disclose to her—before the Divorce Decree was entered—that he had received a job offer from NGP on April 25, 2008 and resigned from his job at Bear Energy shortly thereafter. We conclude that the trial court improperly granted Jeffrey summary judgment on Mary's breach of contract and fraud claims.

The collaborative law agreement required Jeffrey to disclose "the nature, extent, value of—*and all developments affecting*—the parties' income, assets and liabilities." (Emphasis added.) The summary-judgment evidence showed that Jeffrey received a job offer from NGP on April 25, 2008 and resigned from his job at Bear Energy three days later. Both of these events occurred while the collaborative law agreement was in effect and before the parties signed the settlement agreement that was the basis for the Decree. However, the evidence shows that Jeffrey did not disclose that he had received a job offer or resigned his job. The Decree states that Jeffrey's employer is Bear Energy, even though he had

10

resigned from his position there more than a month before the parties signed the settlement agreement. The evidence also showed that, before the settlement agreement was signed, Jeffrey was told that he could inquire with NGP after his 90-day non-compete period elapsed, and he apparently intended to do so.

The disclosure provision in the collaborative law agreement was broad. It required Jeffrey to disclose "all developments affecting . . . [his] income." The summary-judgment evidence raised a fact issue regarding whether Jeffrey violated the collaborative law agreement by failing to disclose that he had received a job offer, subsequently resigned his job, and intended to inquire about the offered job after his 90-day waiting period elapsed. A reasonable factfinder could conclude that these were developments affecting Jeffrey's income and therefore were required to be disclosed under the terms of the collaborative law agreement. We therefore conclude that the summary-judgment evidence raised a genuine issue of material fact regarding whether Jeffrey breached the collaborative law agreement. *See AMS Constr. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) ("A breach occurs when a party fails or refuses to do something he has promised to do."); *cf. GP II Energy, Inc. v. Chamberlain, Hrdlicka, White, Williams & Martin*, No. 14-07-00237-CV, 2008 WL 4354931, at *8 (Tex. App.—Houston [14th Dist.] Aug. 26, 2008, no pet.) (mem. op.) (summary judgment proper on breach of contract claim where

unambiguous language of agreement "imposed no duty on the Escrow Agent to disclose any knowledge the Escrow Agent might have," and therefore party "did not have duty to disclose this information"). Accordingly, the trial court erred in granting summary judgment on Mary's breach of contract claim.

Jeffrey also moved for summary judgment on Mary's breach of fiduciary duty and fraud claims, which were pleaded in the alternative. Here, Jeffrey owed a duty to Mary that arose from the collaborative law agreement. *See Boyd v. Boyd*, 67 S.W.3d 398, 404–06 (Tex. App.—Fort Worth 2002, no pet.) (husband bore duty to speak when mediated settlement agreement provided that "[e]ach party represents that they have made a fair and reasonable disclosure to the other of the property and financial obligations known to them"). A party commits fraud by nondisclosure if (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge. *Horizon Shipbldg., Inc. v. Blyn II*

*Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

We conclude that the summary-judgment evidence raised a fact issue regarding fraud by non-disclosure. The evidence showed that Jeffrey did not disclose that he had received a job offer or resigned his job before signing the settlement agreement, which stated, erroneously, that his employer was Bear Energy. The disclosure provision in the collaborative law agreement was broad and imposed a duty to disclose any development affecting income. Mary averred in her summary-judgment affidavit that after receiving the April 25, 2008 offer and resigning from Bear Energy, Jeffrey proposed changes to the settlement agreement to indicate that he had already shared his 2008 bonus. A reasonable factfinder could conclude based upon this evidence that Jeffrey concealed his resignation and job offer and revised the terms of the settlement agreement so as to avoid having to share with Mary any bonuses earned in a new job in 2008. The merger clause in the Decree does not foreclose Mary's fraud claim because the summary-judgment evidence raised a fact issue regarding whether Jeffrey's non-disclosure was fraudulent and intended to induce Mary to sign the settlement agreement. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331–32 (Tex. 2011). Accordingly, the trial court erred in granting summary judgment on Mary's fraud claim. *See Boyd*, 67 S.W.3d at 404–05 (when spouse is under

13

duty during settlement negotiations in divorce to disclose material information to other spouse and secretive disclosure leads to reasonable reliance on erroneous understanding, divorce decree is subject to rescission); *cf. Hester v. Prickett*, No. 13-11-00677-CV, 2012 WL 3252721, at *5–6 (Tex. App.—Corpus Christi Aug. 9, 2012, pet. denied) (mem. op.) (where ex-husband made threatening phone call and partially disclosed incorrect information, ex-wife raised fact issue that extrinsic fraud was committed based on rule that party who voluntarily discloses information must disclose whole truth to avoid false impression).

With respect to Mary's breach of fiduciary duty claim, although husbands and wives generally owe a fiduciary duty to one another, adverse parties who have retained professional counsel, including husbands and wives in a suit for divorce, do not owe fiduciary duties to one another. *See Boaz v. Boaz*, 221 S.W.3d 126, 133 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Boyd*, 67 S.W.3d at 405. Thus, to the extent that Jeffrey owed Mary a duty of disclosure, it arose not from the nature of their relationship, but instead, from the obligations undertaken in the collaborative law agreement. Accordingly, the trial court did not err in granting summary judgment on Mary's breach of fiduciary duty claim. *See Boaz*, 221 S.W.3d at 133; *Boyd*, 67 S.W.3d at 405.

We sustain Mary's first issue with respect to her breach of contract and fraud claims, and overrule Mary's first issue with respect to her breach of fiduciary duty claim.

### 2. Did the trial court err in granting summary judgment on claims not addressed by Jeffrey's motion?

In Mary's second, third, and fourth issues, she argues that the trial court erroneously treated the partial summary judgment as dispositive of her bill of review, petition for post-divorce division of undisclosed property, and Counts One, Three, Four, Five, Nine, and Ten of the enforcement petition, which were based on Mary's allegations regarding Jeffrey's non-disclosure and her claim that certain items were included in the Decree's definition of bonus compensation. We agree.

Although Jeffrey's summary-judgment motion did not expressly state that Jeffrey was moving for summary judgment on any of those claims, the trial court's final judgment stated that the summary judgment order "disposed of" Mary's bill of review, the petition for post-divorce division, and the enforcement claims based upon non-disclosure and the Decree's definition of bonus compensation. It was error for the trial court to treat the summary judgment as disposing of any unaddressed claim, including Mary's bill of review, her petition for post-divorce division of undisclosed property, and the enforcement claims based upon non-disclosure and the Decree's definition of bonus compensation. *See G & H Towing*

15

*Co.*, 347 S.W.3d at 297 (granting summary judgment on claims not addressed in motion for summary judgment is generally reversible error).

We sustain Mary's second and third issues and her fourth issue with respect to Counts One, Three, Four, Five, Nine, and Ten in the enforcement petition, her enforcement claims based upon Jeffrey's non-disclosure and the Decree's definition of bonus compensation.

**Enforcement Claims Remaining After Summary Judgment**

In her fourth issue, Mary contends that the trial court erred by dismissing her enforcement claims. We have already held that the trial court erred in granting summary judgment on Mary's enforcement claims that were based upon Jeffrey's non-disclosure and the Decree's definition of bonus compensation (Counts One, Three, Four, Five, Nine, and Ten). The trial court determined that there were only four enforcement claims not disposed of by the summary judgment—Counts Two, Six, Seven, and Eight. Count Six related to Mary's claim that Jeffrey applied an incorrect tax rate to his 2009 bonus and thus, paid her less of that bonus than he was required. The remaining three counts were unrelated to complaints about bonuses, and pertained to Jeffrey's untimely alimony payments, refusal to execute a deed, and untimely notice of employment changes.

On appeal, Mary argues generally that the trial court erred in denying her enforcement claims, but she does not identify any evidence or provide any

16

argument pertaining to the enforcement claims unrelated to bonuses—Counts Two, Seven, and Eight—that would permit us to determine whether the denial or dismissal of these claims was error. She does not address Jeffrey's arguments in his motion to dismiss regarding these claims other than his argument that these claims could not be enforced by contempt. However, that was not the only ground for dismissal of these claims urged in Jeffrey's motion, and Mary does not argue that the other urged grounds were erroneous. Nor does she provide any citation to the record showing what evidence, if any, was admitted at trial in support of these claims before the trial court denied them and granted the motion to dismiss. Accordingly, we hold that Mary has waived her argument with respect to the enforcement claims unrelated to bonuses. *See* TEX. R. APP. P. 38.1(i); *Bob v. Cypresswood Cmty. Ass'n*, —S.W.3d—, 2015 WL 3423753, at *3 (Tex. App.— Houston [1st Dist.] May 28, 2015, no pet.) (appellant waives argument regarding claims if proper citations to the record and authority supporting argument are not provided).

With respect to Count Six, her claim that Jeffrey applied an incorrect tax rate to his 2009 bonus and therefore underpaid her from that bonus, Mary argues that the trial court abused its discretion in excluding her evidence that Jeffrey applied the wrong tax rate. Mary argues that, had the proper rate been applied, Jeffrey would have been obligated under the decree to pay Mary more of his 2009 bonus.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

In her petition, Mary alleged that Jeffrey paid her only 25% of the $250,000 bonus he received in 2009, when the Decree required Jeffrey to pay her 50%. Mary sought, among other things, an order awarding her the additional amount of the 2009 bonus to which she was entitled. After the trial court excluded evidence regarding the tax rate applicable to the 2009 bonus, Mary made an offer of proof that she would have testified at trial that the effective tax rate that should have been applied to the 2009 bonus, based on Jeffrey's tax returns, would have resulted in her receiving an additional $44,338.34 from Jeffrey from the 2009 bonus. The trial court excluded this evidence on the ground that the petition for enforcement did not specify the amount that Mary was owed from the 2009 bonus as required to support an order of contempt. There is no other basis in the record for the exclusion of this evidence. But as Mary argued at trial, the specific amount owed to her from the 2009 bonus was a fact issue to be resolved by the parties' competing evidence regarding the appropriate tax rate to be applied. The exclusion of this evidence probably resulted in the rendition of an improper judgment, because this evidence was necessary to show whether Mary's contention was correct, and if correct, would have resulted in an award to Mary of the withheld

18

funds.  *See* TEX. R. APP. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (where judgment turns on excluded evidence, exclusion of evidence is harmful).  Accordingly, the trial court erred in excluding evidence regarding the tax rate applicable to the 2009 bonus.  *See Simien*, 321 S.W.3d at 239 (trial court abuses discretion in excluding evidence if there is no legitimate basis for the ruling).

We overrule Mary's fourth issue with respect to Counts Two, Seven, and Eight, and sustain it with respect to Count Six in the enforcement petition.

## Conclusion

We affirm the trial court's judgment with respect to Mary's breach of fiduciary duty claim and Counts Two, Seven, and Eight in Mary's enforcement petition.  We reverse the trial court's judgment in all other respects and remand for a new trial and further proceedings consistent with this opinion.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.